BAALAM, a slave, vs. THE STATE.

1. When it is shown that a crime has been committed and the circumstances point to the accused as the guilty agent, facts tending to show a motive, although remote, are admissible in evidence. The jury, however, cannot be too cautious with respect to the importance they attach to this species of testimony.

2. There is a wide difference between presumptions of law and presumptions of fact. The law draws no presumption except from facts, which, unexplained, are conclusive of guilt; but presumptions of fact are to be drawn by the jury, and every fact that tends to prove the guilt, or to prove a fact that is evidence of it, is admissible and proper for their consideration.

Error to the Circuit Court of Dallas. Tried before the Hon. Nath. Cook.

Evans, for the plaintiff:

1. It is an established and inflexible rule of evidence that the testimony offered must tend to support the issue, otherwise it will be rejected.—Rasco & Brantly v. Willis, 5 Ala. 38; 1 Stark. Ev. 949.

2. The fact that the prisoner and the deceased twelve months previous to the date of the alleged homicide were living together as husband and wife, and that they then quarreled and separated, does not tend even remotely to establish the issue before the jury. The objectionable character of this evidence is rendered more apparent by the fact shown in the bill of exceptions, that the prisoner and the deceased had continued on good terms with each other from that time down to the date of the killing. The only question before the jury was as to whether the prisoner or some other person was the guilty agent in producing the death of the deceased. The character and grade of the crime admitted of no question. The main, if not only issue was, whether the prisoner was the person by whom the alleged crime was perpetrated.

3. The testimony objected to was inadmissible even to show the intent. It could not conduce to establish the *malice* of the prisoner. It was too remote in time from the date of the alleged quarrel, and could not without a most strained and vio-

lent presumption be held to be indicative of malice, ill will, or previous grudge. It has no connection with the transaction then the subject of inquiry, and did not tend to elucidate that transaction or to establish even by any legitimate inference the motives of the prisoner.

4. We cannot say that the prisoner has not been injured by the admission of testimony which ought to have been excluded. We cannot know how far the testimony may have influenced, perhaps decided the verdict. The court will presume that the prisoner was injured by the admission of such testimony. "If A. and B. quarrel and they are reconciled and afterwards fall out again, and A. kill B., it will not be presumed that the parties fought on the old grudge."—1 Stark. Ev. 948-9.

ATTORNEY GENERAL, for the State:

1. An old grudge between the parties is always permissible to be proven, although where a reconciliation takes place the homicide is not attributable to the old grudge unless it clearly appear.—Stone's case, 6 Humph. 27, where the parties quarreled *seven years before the homicide*.

2. The testimony of the quarrels and separation of prisoner and deceased, who were man and wife, was not introduced for that purpose, but to repel the presumption of innocence arising from the conjugal relation of the parties.—State v. Watkins, 9 Conn. Rep. 47.

3. Every fact and circumstance upon which a presumption or inference can be founded of the matter in issue, is admissible in evidence—and sometimes a whole life may be reviewed to find out something that points to the guilt of the party accused, his occupation, &c.

4. It is sometimes difficult to draw the line between relevant and irrelevant testimony. But the *rule* in civil cases is, that unless the evidence is *clearly* irrelevant it is admissible. How much more so should it be in criminal cases? The jury is to weigh the testimony. Evidence of a distinct substantive offence cannot be admitted in support of another offence. The converse of that rule should be allowed, to-wit, evidence upon which a separate and distinct charge cannot be based should be admitted. No separate charge can be based on the quarrels, &c. Stone v. State, 6 Humph. 27.

Baalam, a slave, v. The State.

DARGAN, C. J.—The plaintiff in error was tried and convicted of the murder of Ellen, a slave. During the progress of the trial a bill of exceptions was taken which shows there was no direct proof implicating the accused in the commission of the crime, but various circumstances were proved tending to show that he was the guilty agent. It appeared that the deceased and the accused had been seen together on the day the homicide was committed, going apparently in the direction of the church, and he had been seen afterwards to return alone. It was, however, shown that he did not intend going all the way to the church, but intended to accompany her a part of the way only. The dead body was found about half a mile from the road leading to the church, in an old field and apparently murdered. The tracks of two persons were discovered leading from the road to the place where the body was found. The impress of one was that of a shoe; the other the track of a bare foot. Indications of a violent struggle were visible near the place where the body was discovered, and a single track was discovered leading off from the body. This was a shoe track, which after proceeding some distance was changed to the track of a bare foot. The prisoner was bare foot when he returned and also when he left home. He did not attempt to conceal himself, but returned to the plantation and was engaged in his ordinary business when arrested. Several witnesses who had examined the tracks near the dead body testified that they corresponded with the tracks of the prisoner. The prosecutor then offered a witness to prove that the deceased and the prisoner were husband and wife, and about a year previous to the homicide they had quarreled and separated, but it was not shown that there had been any quarrels between them since the separation, or that they ever were reconciled. To this testimony thus offered the prisoner objected, but his objection was overruled. This evidence was exceedingly remote and entitled to but little weight from the jury in coming to a conclusion as to the guilt or innocence of the prisoner, but we cannot say that the court erred in admitting it. When it is shown that a crime has been committed and the circumstances point to the accused as the guilty agent, then proof of a motive to commit the offence, though weak and inconclusive evidence, is nevertheless admissible.— 1 Stark. Ev. 502; Wills on Presump. Ev. 56. On the other

hand, the total absence of all motive or reason why the accused should do the act, must always operate strongly in his favor, when the inquiry is whether the accused perpetrated the deed and the evidence to prove his guilt is circumstantial only. But it must be apparent, that if a motive be evidence in such cases to be weighed by the jury, then evidence tending to prove the existence of the motive cannot be rejected. It may, however, be well to remark that a jury cannot be too cautious in attaching importance to such evidence, for if the motive itself is a weak and inconclusive circumstance, how much less conclusive is the evidence which only tends to prove the existence of the motive? Such evidence, however, cannot be wholly rejected—it must go to the jury, but they should be guarded as to the importance they attach to it. The testimony objected to shows that the prisoner and the deceased had lived together as husband and wife, but about a year before the homicide had quarreled and separated, and there was no proof to show that their relations had been restored, or that a reconciliation between them had ever taken place. The evidence therefore tended to prove a state of ill feeling or hatred, from which not unfrequently springs the spirit of revenge for either fancied or real wrongs. Had there been no other circumstance implicating the accused as the guilty agent, such proof could have had no legitimate influence and might well have been rejected: But as other circumstances did exist pointing to the prisoner as the perpetrator of the crime, the court violated no rule of law in admitting it to go to the jury. It is, however, urged that if two quarrel and subsequently are reconciled to each other, that the law will not presume that malice exists between them. This is true, and the law probably would not have presumed malice or even ill feeling between the prisoner and the deceased from their former relations and their quarrel and separation. But there is a wide difference between the presumptions of law and the presumptions of fact. The law draws no presumption or inference but from facts, which, unexplained, are conclusive of guilt. But presumptions of fact are to be drawn by the jury, and every fact that tends to prove the guilt, or to prove any fact that is evidence of guilt, however conclusive such fact may be, is admissible evidence. The prisoner could have destroyed the entire weight of this evidence by proving that subsequent to his

quarrel and separation from the deceased, a reconciliation had taken place, if indeed such had been the case.    This, however, he did not attempt to do, but relied on his objection to the competency of the evidence.    We are unable to say that it was improper to admit it under the circumstances of this case, and consequently the judgment must be affirmed and sentence of death be here pronounced against the prisoner upon the verdict, in accordance with the statute.