# Pullam *v.* The State.

*Indictment for Embezzlement.*

1. *Embezzlement; what necessary to constitute statutory offense of.*—In order to sustain a conviction of the offense of embezzlement under the statute (Code, § 4377), three things must be proved: 1st, that the accused was the clerk, agent, servant, or apprentice of a private person; 2d, that the money came into his possession by virtue of his employment; 3d, that he embezzled, or fraudulently converted it to his own use, or fraudulently secreted it with the intent to convert it to his own use.

2. *Married woman as agent.*—A married woman is capable of being appointed and acting as the agent of a third person, without the consent of her husband; she may execute a power without his co-operation, and her acts as such agent impose no legal liability on him; and the

knowledge or consent of the husband does not confer, by operation of law, any authority on him to do any act, in the scope of the wife's agency, so as to bind her principal.

3. *Embezzlement by agent.*—The word *agent*, as employed in the statute (Code, § 4377), is used in its popular sense; meaning one who undertakes to transact some business, or to manage some affair, for another, by authority, and on account of the latter, and to render an account of it; it imports a principal, and implies employment, service, delegated authority to do something in the name and stead of the principal; and it does not include a mere naked bailee, who holds possession wholly and exclusively for the benefit of the bailor.

4. *Larceny and embezzlement; difference between.*—If the husband feloniously takes, and converts to his own use, money deposited with the wife to be kept for the benefit of a third person, without her association in the crime, he is guilty of larceny, and not of embezzlement.

APPEAL from Jefferson Circuit Court.

Tried before the Hon. S. H. SPROTT.

The indictment contains three counts, charging the appellant, Robert Pullam, and Celia Pullam, his wife, with embezzlement, larceny, and receiving stolen money. The trial resulted in the acquittal of the wife, and the conviction of the husband as charged in the first count. The following facts are established by the evidence: One Jane Buckhalter gave to Celia Pullam fifty dollars, to be kept for her; and the money was missing from the place in which Celia had placed it. The evidence is conflicting, as to whether appellant was present when the money was deposited with his wife, as to whether he took the money or not, and as to what declarations he made to Jane Buckhalter after the money was missing. There was much other evidence in the case, which is immaterial in the view which the court takes of the case. The court, among other things, of its own motion, charged the jury, that if they believed that, at the time Jane Buckhalter brought the money to the house, and handed it to Celia Pullam, to keep for her, Robert Pullam was present, and knew that his wife received the money, and consented to her receiving it to keep, and if Robert Pullam afterwards fraudulently converted the money to his own use, he could be convicted under the first count. This charge was excepted to by appellant, and is now assigned as error.

R. H. PEARSON, for appellant.—The charge of the court set out in the bill of exceptions was erroneous. It asserts the proposition, that the receipt of money by the wife for safe-keeping, with the knowledge and consent of the husband, though he had no control over it, if afterwards converted by him, would be embezzlement; that the fact that the wife received the money by and with the consent of the husband, would also make him the agent of the owner. Such is not the

law. Before the husband could be convicted of embezzlement, the proof must show that the money came to his hands by virtue of his employment as agent.—70 Ala. 13 ; 72 Ala. 272. If appellant committed any offense, it was larceny, and proof of that offense will not sustain a conviction for embezzlement.

T. N. McClellan, Attorney-General, *contra*.

CLOPTON, J.—The indictment contains three separate counts, charging the defendant and his wife, Celia Pullam, with embezzlement, larceny, and receiving stolen money. The wife was acquitted ; and the appellant was found guilty as charged in the first count only. The legal effect, under our rulings, is an acquittal on the second and third counts, and renders unnecessary the consideration of their sufficiency. The material and decisive question arises on the charge of the court, as follows : " If, at the time Jane Buckhalter brought the money to the house, and handed it to Celia Pullam to keep for her, Robert Pullam was present, and knew that his wife received the money, and consented to her receiving it to keep ; and if Robert Pullam afterwards fraudulently converted it to his own use, he could be convicted under the first count." The count charges embezzlement, as defined and declared by section 4377 of the Code. In order to convict of the statutory offense, charged in the indictment, it is essential that the prosecution establish the three following propositions : 1st, that the accused was the clerk, agent, servant, or apprentice of a private. person ; 2d, that the money came into his possession by virtue: of his employment ; 3d, that he embezzled, or fraudulently converted it to his own use, or fraudulently secreted it with intent to convert to his own use.

If it were conceded that his wife was an agent in the meaning of the statute, it does not follow that the appellant was also an agent, merely because he knew that his wife had received, and consented to her receiving and keeping the money. A married woman is capable of being appointed and acting as. the agent of a third person, without the consent of her husband. Coverture does not take from her capacity in this respect. .She may execute a power without his cooperation ; and her acts, as agent or trustee, impose no legal liability on him. His knowledge and consent does not confer, by operation of law, any authority on him to do any act, in the scope of his wife's agency, so as to bind her principal. The unity of the marriage relation does not operate to delegate to the husband an agency specially and personally conferred on the wife.

But, was the wife an agent in the meaning of the statute ?'
3

While the term *agent* has a wide application, and comprehends many classes of persons, who are specially designated otherwise, it is not employed in the section with this large significations. As used in the statute, it is to be construed in its popular sense; meaning " one who undertakes to transact some business, or to manage some affair, for another, by the authority and on account of the latter, and to render an account of it;" a substitute.—1 Bouv. Law Dict., 135; *Hinderer v. The State*, 33 Ala. 415. *Agent*, as employed in this section, imports .a principal, and implies employment, service, delegated authority to do something in the name and stead of the principal—an employment by virtue of which the money or property came into his possession. The employment need not be permanent. It may be temporary, or occasional; and general, to transact any business; or special, to make a single transaction. There being many classes of persons standing in the relation of agents, but not included in the general term as used in section 4377, section 4384 was enacted to remedy the defect, which provides: " Any private banker, commission-merchant, factor, broker, attorney, bailee, or other agent, who embezzles, converts to his own use, or fraudulently secretes with intent to convert to his own use, any money, property, or effects deposited with him, or the proceeds of any property sold by him for another, must be punished, on conviction, as if he had stolen it." In *Watson v. State*, 70 Ala. 13, construing the term *bailee*, it was held, that it was not employed in the large signification of bailment, but is "limited and confined to bailees of a particular class—those having possession wholly and exclusively for the benefit of the bailor." The deposit of the money with the wife of appellant was, on the undisputed facts, a mere naked bailment—a *depositum*—which she held wholly and exclusively for the benefit of another. Sections 4377 and 4384 create separate and distinct offenses, relating to the same acts, but differing as to the relations in which the persons stand who commit them. The word " agent " is employed in both sections, and must be construed to apply to different classes of persons. It is manifest, that as used in section 4377, it does not include the classes of persons who are otherwise specially designated in section 4384.

The offenses created by both sections are of equal grade, and the punishment is the same—the one does not include the other. A defendant, indicted under one section, can not be convicted of the offense declared by the other. And besides, if the appellant feloniously took, and converted to his own use, the money deposited with his wife to keep, without her association in the crime, he is guilty of larceny, and can not be con-

victed on an indictment founded upon either section or both, without the addition of a count for larceny.

Reversed and remanded.