# McCullough v. McClintock.

*Trespass against Constable, for Illegal Seizure of Mule.*

1. *Leaving property levied on in possession of defendant, or his wife.* When an officer levies an execution on personal property, he may leave it in the possession of the defendant himself, as special bailee; nor is there any reason why he may not, in order to save the expense of keeping, leave it in the possession of the defendant's wife, without his consent, since this would devolve no duties or services inconsistent with the marital relation; and though the wife may incur no personal liability by such special bailment, she acquires no right to retain the property as against the officer, nor can the husband refuse to restore it, if in his possession.

APPEAL from the Circuit Court of Clay.

Tried before the Hon. LEROY F. BOX.

This action was brought by Richard W. McClintock, against John W. McCullough and H. W. Armstrong, to recover damages for an alleged trespass, in breaking and entering the plaintiff's stable, and seizing and carrying away a mule; and was commenced on the 11th December, 1885. The defendants pleaded, jointly and severally, not guilty, and justification under legal process; and the cause was tried on issue joined on these pleas. On the trial, the plaintiff having proved the entry on his premises by the defendants, and carrying away of the mule, the defendants offered in evidence, under the plea of justification, a judgment rendered by a justice of the peace against plaintiff, in favor of said H. W. Armstrong, and an execution issued thereon, which defendant McCullough was authorized, as special constable, to levy and return, and which he did levy on the mule. McCullough also testified, on behalf of the defendants, that after making the levy, "he arranged with Mrs. Nancy McClintock, the wife of said R. W. McClintock, to take and keep the mule until sale day; that she agreed to take it, and thus save costs, keep him safely, and have him on hand at her husband's house on sale day; that she took the mule off, under this agreement, after the levy;" also, that he went to plaintiff's house, on the day of sale, and demanded the mule, but plaintiff refused to deliver him, and told him to keep off his premises; and that he and Armstrong, who was with him, thereupon entered, and took the mule, against the ob-

jection and protest of plaintiff. The evidence for plaintiff, in rebuttal, "tended to show that he had no notice of any arrangement, or agreement, by which his wife was to take and keep the mule until sale day, as stated by said Mc-Cullough."

On this evidence, the court charged the jury, "that Mrs. McClintock, plaintiff's wife, could not of her own accord, and without the consent of her husband, contract such a bailment with the constable, McCullough, as to retain any lien that may have been created in his right, and on his behalf, by reason of any lien he may have acquired by any levy he may have made in the first instance." The defendants excepted to this charge, and they here assign it as error.

WM. H. SMITH, JR., and KELLY & SMITH, for appellant, cited *Pullam v. State*, 78 Ala. 33; Freeman on Executions, § 265.

SOMERVILLE, J.—Where personal property has been levied on by a sheriff or constable invested with due authority, the levy is not invalidated, as between the parties, by leaving the property in the custody of the defendant, as a special bailee. The only persons who can complain of this conduct on the part of the officer would be the plaintiff in execution, whose rights may have been prejudiced, and the vendees and creditors of the defendant.—Freeman on Execution, § 261; *Campbell v. Spence*, 4 Ala. 543.

The question here is, whether the wife of the defendant may become the sheriff's bailee, in the absence of any special consent on the part of the husband. In this case, the mule, levied on as the husband's property, was left by the constable in the hands of the wife, in order to save the costs of keeping, she agreeing to keep the animal and have it forthcoming at the house of her husband on the day of sale. This was in November, 1886—prior to the enactment of the present married woman's law.—Code, 1886, §§ 2341-2356.

While the wife may have incurred no personal liability by her contract as bailee, she certainly acquired no right to misappropriate the property, or to refuse to restore it, so as to destroy the special property vested in the constable by the levy. The lien of the levy was unaffected by her disability to incur all the contractual liabilities of a bailee or depository, and the husband was bound to restore the mule to the officer

[Cooper & Co. v. Davis.]

of the law, if in his possession. There seems to be no reason, for the purposes of this case, why the wife could not act as bailee of the constable without the consent of her husband, such agency involving no duties or services inconsistent with those appertaining to the marital relation. Story on Agency, (8th Ed.) §§ 7, 485; Story on Bailments, (8th Ed. § 162; Schouler on Bailments, p. 32; *Pullam v. State*, 78 Ala. 31; 1 Amer. & Eng. Encyc. Law, 334–335.

The court erred in the charge given.

Reversed and remanded.