## Commonwealth *v.* Kleckner, Appellant.

*Criminal law—Indictment—Embezzlement—Act of March 31, 1860, sec. 114, P. L. 382, 410.*

1. An indictment for embezzlement which charges the offense in the very words of sec. 114 of the Act of March 31, 1860, P. L. 382, 410, is good and sufficient.

2. On the trial of an indictment for embezzlement against a real estate broker who was charged with retaining moneys of his principal realized from the sale of real estate, evidence as to later sales on which commissions were claimed by the defendant, is inadmissible where the issue is clearly defined as to the appropriation of the specific sum stated in the indictment, and the sales upon which the commissions were claimed were not made until after the appropriation aforesaid.

Argued Oct. 5, 1910. Appeal, No. 116, Oct. T., 1910, by defendant, from judgment of Q. S. Lehigh Co., April Term, 1910, No. 37, on verdict of guilty in case of Commonwealth v. Levi H. Kleckner. Before Rice, P. J., Henderson, Morrison, Orlady, Head, Beaver and Porter, JJ. Affirmed.

Indictment for embezzlement. Before Trexler, P. J.
The opinion of the Superior Court states the case.
Verdict of guilty, upon which the defendant was sentenced to pay a fine of $250, restore property due, pay the cost of prosecution, and undergo imprisonment in the county prison for the term of one year and six months.

180   COMMONWEALTH *v.* KLECKNER, Appellant.

Assignment of Errors—Opinion of the Court.   [45 Pa. Superior Ct.

*Error assigned* among others was in refusing binding instructions for defendant.

*James L. Schaadt,* with him *Lawrence Rupp,* for appellant.

*Fred B. Gernerd,* district attorney, with him *Fred E. Lewis,* for appellee.

OPINION BY BEAVER, J., March 3, 1911:

The defendant was charged in an indictment containing four counts, with:

First. Within the jurisdiction of the court, etc., "being then and there an agent and being then and there in the employment of and acting for one, Ida C. Seagreaves, and being then and there, by virtue of his said business as agent in the employment of and acting for the said Ida C. Seagreaves intrusted with for safe custody, certain property, to wit, two thousand dollars, which the said Levi H. Kleckner received into his possession, custody and control, for and on behalf of the said Ida C. Seagreaves, by reason of the sale of certain real estate which he, the said Levi H. Kleckner made as agent for and on behalf of the said Ida C. Seagreaves, of the value of two thousand dollars, of the goods and chattels, moneys and property of the said Ida C. Seagreaves, then and there being found, then and there with intent to defraud the said Ida C. Seagreaves, did sell, convert and appropriate the said goods and chattels, moneys and property of the said Ida C. Seagreaves to and for his own use, contrary to the form of the act of the General Assembly in such case made and provided," etc.

Second. "That the said Levi H. Kleckner, . . . . being then and there a real estate broker, did receive, as such broker, a certain tract of real estate to sell for one, Ida C. Seagreaves, and he, the said Levi H. Kleckner, did sell a certain part of the aforesaid real estate given to him by the said Ida C. Seagreaves to sell, and he, the

said Levi H. Kleckner, did receive, from the purchaser of the aforesaid tract of real estate, money of the United States of America for and on behalf of the said Ida C. Seagreaves; that he, the said Levi H. Kleckner, failed to turn over and deliver the money which he received for and on behalf of the said Ida C. Seagreaves as the result of the sale of the aforesaid tract of real estate and did convert and appropriate to his own use the purchase money, to wit, two thousand dollars, lawful money of the United States of America, with intent to defraud the said Ida C. Seagreaves, contrary to the form of the act of the General Assembly," etc.

Third. That the defendant being "in the employ of Ida C. Seagreaves as clerk and servant did, by virtue of his said employment and whilst he was so employed as aforesaid, then and there receive and take into his custody, care and possession, for and in the name and on account of the said Ida C. Seagreaves, his employer as aforesaid, a large number of promissory notes, etc., of the value of two thousand dollars of the goods and chattels, moneys and property of the said Ida C. Seagreaves, then and there being found, then and there fraudulently embezzled, and then and there feloniously did steal, take and carry away contrary to the form of the act of the General Assembly," etc.

Fourth. That the defendant "with force and arms, etc., lawful money of the United States of America of the value of two thousand dollars of the goods and chattels, moneys and property of Ida C. Seagreaves, then and there being found, then and there feloniously did steal, take and carry away, contrary to the form of the act of the General Assembly," etc.

A motion was made by the defendant to quash the second count of the indictment, for the reason that no offense is charged according to the criminal code, which was sustained by the court below. It is now claimed that there could be no conviction under the first count, because no misdemeanor under sec. 114 of the Act of

March 31, 1860, P. L. 382, 410, was charged. The offense however, contained in the first count of the indictment, is charged in the very words of the act, and this has uniformly been held to constitute a good indictment.

It is unnecessary to cite authorities for this well-settled question. In Com. v. New Bethlehem Borough, 15 Pa. Superior Ct. 158, and in Com. v. Miller, 31 Pa. Superior Ct. 309, the question is well set forth and many authorities cited.

It is claimed by the appellant that he had a right under a written agreement with the prosecutrix to sell the real estate for which he received the purchase money, and this is true. So far as the conversion, therefore, is concerned, there was nothing illegal, much less criminal, in his making the sale, but the section is much broader than that and is: "Section 114. If any person, being a banker, broker, attorney, merchant or agent, and being intrusted, for safe custody with the property of any other person, shall, with intent to defraud, sell, negotiate, transfer, pledge, or in any manner convert or appropriate to or for his own use, or the use of any other person, such property, or any part thereof, he shall be guilty of a misdemeanor." Here there was not only a conversion charged, but an appropriation as well and, under the evidence, this was shown to the satisfaction of the jury, so that, in our opinion, the first count, independently of the third and fourth, would sustain the charge of the appropriation which is equivalent to embezzlement.

An effort is made by the appellant to confuse different transactions, alleged to have been had by the appellant with other parties than the one to whom he sold the particular property, the proceeds of which he is charged with appropriating to his own use. It is, therefore, necessary, in order to have a clear view of the relations of the parties, to refer specifically to certain dates. No bill of particulars was asked for, but it appeared clearly in the testimony, and the court confined the commonwealth in its evidence to the transaction with John J. Long, to whom

the defendant, as the agent of the prosecutrix, sold certain lots for a price or sum aggregating $3,300, out of which $2,475 belonged to Mrs. Seagreaves. The defendant paid to the prosecutrix $475, leaving $2,000 due to her under their agreement. At the time the money was received from Long by the defendant, which was sometime in July, 1909, no other sales for which the defendant had not received his commission had been made, or, so far as appears by the evidence, were pending. In February, 1910, Mrs. Seagreaves made a deed to one Koch for certain parts of her real estate, in which the consideration was $9,000. Whether or not the defendant made this sale, as he claims, or it had been made by others who had been authorized by Mrs. Seagreaves to make it for her, does not seem to us to be material in this case. The civil rights of the defendant and Mrs. Seagreaves are not to be determined in this prosecution and the simple question at issue was whether or not the defendant had received from John J. Long $2,000 which belonged to Mrs. Seagreaves, and had appropriated that sum to his own use. This issue was clearly and fairly submitted to the jury and, under the facts, as they appeared in evidence, we are satisfied that their verdict of guilty was justified and sustainable.

The second, third and fourth assignments of error relate to the admission of evidence of other subsequent sales of the property of the prosecutrix to other parties, under which the defendant claims that his commission amounted to more than the money which he held in his hands from the John J. Long sale belonging to Mrs. Seagreaves. We think the offers of testimony relating to these subsequent sales, upon objection, were properly overruled.

There was evidence which, if believed by the jury, clearly established the fact, that the defendant had used, according to his own admissions, the money referred to, in the payment of purchase money for a house for himself, and even if at the time he were negotiating other

sales, he was not entitled to a commission thereon until they were consummated, and by the offers themselves it would appear that the deeds were not made until February, 1910, the testimony showing that the $2,000 due Mrs. Seagreaves from the John J. Long sale had been received and appropriated by the defendant prior to September 2, 1909. Whether or not the defendant was entitled to any commission for these sales is a question which, of course, is not determined, and we are unable to see how it could be legally determined in this issue.

The fifth assignment of error relates to two several excerpts from the charge of the court, as to which we can see no reasonable objection. The rights of the defendant are fully guarded in the latter of the two paragraphs, in which the court said: "He was the custodian of this money and only waited the time to pay it over. He had no right to use it for his own purposes. If the money belonged to him, by reason of the sales of other property, then he could do with it as he pleased. If he did owe Mrs. Seagreaves $2,000, he could take it for his own purpose." This was surely as far as the court could go in the defendant's behalf, but, so far as we can see, there was no evidence upon which the jury could find the defendant entitled to appropriate the $2,000 belonging to the prosecutrix from the John J. Long sale.

From what has been said, it seems to us apparent that the sixth assignment, which relates to the refusal of the court to charge that "Under all the evidence and the indictment, the verdict should be for the defendant" cannot be sustained.

Upon a careful review of the whole case, we can see no legal or reasonable ground for a reversal.

Judgment affirmed and the record remitted to the court of quarter sessions of Lehigh county to the intent that the sentence imposed by the court may be fully carried into effect.