# Commonwealth *v.* Lettieri, Appellant.

*Criminal law — Embezzlement — Principal and agent — Act of March 31, 1860, Sec. 114, P. L. 382.*

A person may be an agent within the meaning of Sec. 114, of the Act of March 31, 1860, P. L. 382, although he is the agent of but one principal.

The act contemplates such an agent as is authorized to perform acts of a similar character successively as the representative of another.

A person may be convicted of embezzlement as an agent under Sec. 114 of the Act of March 31, 1860, P. L. 382, where the evidence shows that he had been the agent for the sale of steamship tickets for one steamship company for five years, that in pursuance of his agency he had sold three tickets and received in payment a promissory note, that he discounted the note and deposited the proceeds to his credit, that the note was subsequently renewed and finally paid, and that defendant had by his own admission received the money and retained it.

*Criminal law—Embezzlement—Indictment.*

An indictment under Sec. 114, of the Act of March 31, 1860, P. L. 382, is good which charges the defendant with "being then and there an agent, and being then and there employed as such by and for the said Hartfield, Solari and Company, and being then and there in said capacity as agent entrusted with for safe custody certain property of another person, to wit," etc.

Argued March 9, 1916.    Appeal, No. 31, March T., 1916, by defendant, from judgment of Q. S. Lackawanna

Co., May T., 1915, No. 98, on verdict of guilty in case of Com. v. E. M. Lettieri. Before ORLADY, P. J., HENDERSON, KEPHART, TREXLER and WILLIAMS, JJ. Affirmed.

Indictment for embezzlement under Section 114, of the Act of March 31, 1860, P. L. 382. Before EVANS, P. J., specially presiding.

The material portion of the indictment was as follows:

"And the grand inquest aforesaid inquiring as aforesaid upon their oaths and affirmations aforesaid do further present that the said Ernesto M. Lettieri heretofore to wit, on the 7th day of June, 1913, at the county aforesaid and within the jurisdiction of this court, with force and arms, &c., being then and there an agent and being then and there employed as such by and for the said Hartfield, Solari and Company, and being then and there in said capacity as agent entrusted with for safe custody certain property of another person, to wit," etc.

The defendant presented the following points:

1. "Under all the evidence in the case the verdict must be for the defendant."

Answer: "Refused without reading." (2)

2. "There is no evidence in the case to show that E. M. Lettieri was engaged in the business of an agent at the time when the transaction involved in this case occurred and therefore he cannot be convicted under this indictment."

Answer: "Refused without reading." (3)

2½. "Unless the jury are satisfied beyond a reasonable doubt, that the defendant, E. M. Lettieri, was engaged in the business of an agent generally at the time when the transaction involved in this case occurred, and that he was not merely the agent for Hartfield, Solari and Company at the time, there can be no conviction under the indictment in this case."

Answer: "Refused without reading." (4)

3. "There is no evidence in the case to show that the

note given by Scoblick was given to the defendant for safe keeping and therefore he cannot be convicted of embezzling this note."

Answer: "Refused without reading."   (5)

4. "Unless the jury find beyond a reasonable doubt that the note given by Scoblick was the property of Hartfield, Solari and Co., and that it was left with the defendant for safe keeping, and that he fraudulently appropriated it to his own use, there can be no conviction in this case under the indictment."

Answer: "Refused without reading."   (6)

Point: "If the defendant held the note or its proceeds and any other money collected by him which was the property of Hartfield, Solari and Company under a bona fide claim of right, this claim would negative the felonious intent necessary to constitute the crime of which he was charged, and in such case the verdict must be for the defendant."

. Answer: "That proposition is correct as an abstract proposition and is affirmed."   (7)

Verdict of guilty upon which judgment of sentence was passed.

*Errors assigned* were (1) refusal to quash the indictment (2-7) above instructions quoting them; (8) admission of letter referred to in the opinion of the Superior Court; (9) refusal to direct verdict for defendant.

*A. A. Vosburg,* with him *J. J. Powell* and *J. B. Jenkins,* for appellant.—The indictment does not set forth that Mr. Lettieri is engaged in the "business" of an agent, or that he conducted a general agency for all those who might desire his services as agent.  The most that appears from the indictment is, that he was agent for a single principal, to wit: Hartfield, Solari and Company. This is plainly insufficient under the authorities: Com. v. Fahenstock, 15 Pa. C. C. R. 598; Com. v. Beeby, 3 Del.

75; Com. v. Hottenstein, 2 Woodw. 477; Com. v. New-
comer, 49 Pa. 478.

There was no evidence to show that the notes were left
with Mr. Lettieri "for safe custody" within the meaning
of the act, and therefore the Commonwealth did not
make out a case: Com. v. Chathams, 50 Pa. 181; Com. v.
Leisenring, 11 Philadelphia 389.

*Frank P. Benjamin,* Assistant District Attorney, with
him *George W. Maxey,* District Attorney, and *W. J.
Fitgerald,* for appellee.—The indictment in the case at
bar was not only a substantial but a literal compliance
with the provisions of Section 114 of the Criminal Code:
Brown v. Com., 78 Pa. 122; Com. v. Newcomer, 49 Pa.
478.

One may be an "agent" and be in the business of acting
as an agent, and come within the provisions of Section
114 of the Criminal Code, even though he is the agent or
representative of but one principal: Com. v. Gouger, 21
Pa. Superior Ct. 217; Bartolett v. Achey, 38 Pa. 273.

The property described in the indictment was received
"for safe custody": Com. v. Barton, 20 Pa. Superior Ct.
477.

OPINION BY WILLIAMS, J., July 18, 1916:

The appellant was convicted of embezzlement as an
agent under Sec. 114 of the Act of March 31, 1860, P. L.
382, which provides as follows: "If any person, being a
banker, broker, attorney, merchant or agent, and being
entrusted for safe custody, with the property of any per-
son, shall with intent to defraud, sell, negotiate, transfer,
pledge, or in any manner convert or appropriate to or for
his own use, or for the use of any other person, such
property, or any part thereof, he shall be guilty of a
misdemeanor." The indictment contains ten counts, five
charging embezzlement as a clerk, and five charging em-
bezzlement as "agent." The Commonwealth elected to
try under the latter.

It appears from the evidence that the appellant had been an agent for the sale of steamship tickets for Hartfield, Solari & Co., steamship agents of New York, for five years previous to his arrest. The terms of the agency were as follows: "We will sell these tickets to applicants according to the conditions imposed by you, give you prompt advice of the sale of each ticket and remit simultaneously the amount due you by check on New York City."

On June 7, 1913, in pursuance of his agency, he sold three tickets and received in payment a promissory note for $124.95. He discounted the note and deposited the proceeds to his credit. The note was subsequently renewed and finally paid by the maker. The defendant admitted that he received the money and retained it. He sought to justify the retention on the ground that his principal was indebted to him for services rendered, but he made no claim therefor until after he was indicted.

The questions of whether the defendant was an agent; whether, as such agent, he had embezzled the price of the tickets; and whether he had retained the price in good faith, were properly submitted by the court. The verdict of guilty, therefore, is conclusive against him.

The assignments of error raise only one real question of law, viz: Did the evidence establish that Lettieri was an "agent" such as is contemplated by the 114th Section of the Act of March 31, 1860?

The court properly refused to quash the indictment, as the offense was charged in the very words of the act: Com. v. Kleckner, 45 Pa. Superior Ct. 179. It also was justified in refusing to direct a verdict for the defendant, for he admitted that the money had been converted and his justification had been put in issue, which clearly made the question one for the jury. The requests to charge that the defendant could not be convicted unless the jury should find beyond a reasonable doubt that the note was the property of Hartfield, Solari & Co. and that there was no evidence in the case to show that the note

was given to defendant for safe keeping were properly refused. The former was a conclusion of law, the fact being undisputed that the defendant had received it in behalf of his principal, and the admission was evidence that he received it for safe keeping. The admission of the letter from Hartfield, Solari & Co. to the defendant did him no harm in view of the fact that he himself had letters and telegrams, containing the same statements of fact, introduced in evidence. This disposes of the 1st, 2d, 5th, 6th, 8th and 9th assignments of error. The 7th assignment was not argued by the appellant and needs no discussion.

There remain the 3d and 4th assignments. Under them the appellant contends that since the evidence does not show that Lettieri was an agent for more than one principal, he is not an agent in contemplation of the 114th Section of the Act of 1860; that the act had in contemplation one, whose only business was that of representing more than one principal.

Criminal pleading is no longer technical and "courts should look more to substantial justice than artificial nicety": Com. v. Keenan, 67 Pa. 203. "The rule of strict construction in favor of the accused is not violated by giving the words a reasonable meaning according to the sense in which they were intended": Com. v. Gouger, 21 Pa. Superior Ct. 217. Similar situations have arisen in other jurisdictions under statutes containing the same phraseology as the present statute and the word agent has been uniformly held to apply to an agent representing but one principal as well as one who represents many. In Hinderer v. State, 38 Ala. 415, 419, it was held that the term "agent," as used in the Code, Sec. 3143, which provides for the punishment of any "agent" of any private person who embezzles or fraudulently converts to his own use any property of another which comes into his possession by virtue of his employment, means "one who is authorized to act for another; a substitute; a deputy, a factor." In Rex v. Prince, 2 Car. & P. 517, 519,

it was held that St. Geo. III, c. 63, for the preventing of the embezzlement of securities by agents, only includes persons to whom such securities are entrusted in the exercise of their functions or business. In Wynegar v. State, 157 Ind. 577; State v. Barter, 58 N. H. 604, and Pullan v. State, 78 Ala. 31, it was held that the word "agent" used in a criminal statute applied not only to one who is an agent to perform a series of similar acts, but to one who is engaged in performing a single act for another. These last authorities do not, however, accord with what we believe to be the meaning of the act, which is that to be an agent one must be authorized to perform acts of a similar character successively as the representative of another.

There is no doubt that Lettieri was the agent of Hartfield, Solari & Co., not only for one transaction, but for all transactions within the scope of his agency; which agency had continued for more than four years before the embezzlement occurred. He was not engaged in one transaction on behalf of a single principal, but in a series of similar acts, which clearly made him an agent in contemplation of Sec. 114 of the Act of March 31, 1860.

The judgment is affirmed and the record is remitted to the court below for the purpose of execution; and to that end it is ordered that the defendant appear in that court at such time as he may be there called, and that he be by that court committed until he has complied with his sentence or any part of it that has not been performed at the time this appeal became a supersedeas.