(79 South. 197)

CEPHUS v. STATE.    (4 Div. 559.)

(Court of Appeals of Alabama.    June 29, 1918.)

1. EMBEZZLEMENT ⚫⟿14—BY AGENT.
    Fraudulent conversion of money paid to an agent for a particular purpose constitutes embezzlement under the statute.
    [Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Embezzlement.]

2. EMBEZZLEMENT ⚫⟿23—DEFENSE—PROMISE TO REPAY MONEY.
    It is no defense to a charge of embezzlement by an agent that after the offense was completed defendant promised to repay the money converted.

Appeal from Circuit Court, Barbour County; J. S. Williams, Judge.

Ada Cephus was convicted of embezzlement, and appeals.    Affirmed.

Guy W. Winn, of Clayton, for appellant. F. Loyd Tate, Atty. Gen., for the State.

SAMFORD, J.  [1] There was evidence on the part of the state which, if believed, tended to show that the defendant was the agent of one Bruna McLeod for a particular purpose; that there was paid to the defendant by virtue of this agency the sum of $15; that the defendant did not use the money for the purpose contemplated, but fraudulently converted it to her own use.  The foregoing constitutes embezzlement under our statutes. Pullam v. State, 78 Ala. 31, 56 Am. Rep. 21. It was shown that the transaction was in Barbour county.    There being evidence to sustain the material ingredients of the offense as charged, the court did not err in refusing to give at the request of the defendant, the affirmative charge.

|2] The fact that after the agency agreement, turning over the money under the agency, and the failure of the agent to use the money as directed, the agent promised to repay the $15 to the principal would not entitle the defendant to the affirmative charge.  The crime had been completed, was against the state, and no individual would have the right to waive the prosecution.

There is no error in the record, and the judgment is affirmed.

Affirmed.