140 So. 447

## TURNER v. STATE.

### 7 Div. 75.

Supreme Court of Alabama.

Oct. 22, 1931.

See Turner v. State, post, p. 345, 140 So. 448.

Thos. E. Knight, Jr., Atty. Gen., and Thos. Seay Lawson, Asst. Atty. Gen., for the State.

L. H. Ellis, of Columbiana, for defendant.

**BOULDIN, J.**

The opinion of the Court of Appeals discloses there was evidence tending to show a conspiracy to murder the deceased; that James Turner, the defendant on trial, and Cecil Bell were parties to such conspiracy; and that there was further evidence, by way of declarations of the conspirators, tending to show an expectation to receive insurance money as a matter of much concern to them in connection with the homicide. Here was some evidence, which, if believed by the jury, tended to support an inference that the motive for the murder was to get insurance money.

With this evidence in the natural and logical inquiry was whether there was insurance on the life of deceased, and to whom it was payable?

We concur in the view that evidence of insurance policies on the life of deceased payable to A. W. Bell, not shown in any way to be a coconspirator, standing alone, would not be evidence of motive on the part of his Nephew Cecil Bell, or his coconspirators. Neither would mere declarations of these conspirators, in the absence of other evidence, be admissible against A. W. Bell, if charged as a coconspirator.

But it does not follow that evidence of the existence and status of this insurance was not admissible against the parties otherwise shown to be in the conspiracy, and hoping to share in the insurance money.

Such evidence related to a subject-matter already introduced into the case; tended to show the existence of insurance money arising upon the death of deceased.

That it was payable to one not otherwise shown to be in the conspiracy, goes to the weight of the whole evidence on this issue, including the truth vel non of the evidence of the state seeking to set up insurance money as a motive for the killing.

In cases based largely upon circumstantial evidence, a rather wide range of evidence is allowed in developing circumstances tending to show motive on the part of the accused. In cases of this character, it is not essential that he should be the payee of the policies, nor that it be shown just how he came to have an interest in the insurance money. If there be evidence tending to show he did have an interest in it, evidence is proper to show the existence of such fund, as well as any other fact touching the subject-matter, which will enable the jury to appraise the value of the whole evidence as tending to show motive. The name of the payee and his relationship to defendant or to his coconspirators are circumstances on this line. Burton v. State, 194 Ala. 2, pages 7 and 10, 69 So. 913; Price v. State, 10 Ala. App. 67, 65 So. 308; Stewart v. State, 18 Ala. App. 92, 89 So. 391.

We conclude the judgment of the trial court was not due to be reversed upon grounds stated in the opinion of the Court of Appeals.

Certiorari granted, and cause remanded to Court of Appeals for further consideration.

All the Justices concur, except SAYRE, J., not sitting.