[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 911 
Embezzlement; sentence: five years' imprisonment.
Appellant, while serving as City Clerk and Treasurer of the City of Prattville, between October 1977 and September 1978, took female employees of the city clerk's office to lunch at the Prattville Holiday Inn on several occasions. None of the female employees who were taken to lunch actually saw how appellant paid for the meals. The appellant insisted that he paid cash; however, the circumstantial evidence was great that the bills were paid for with City of Prattville checks which had been signed by appellant and the mayor of Prattville in their official capacities. Under the principles enunciated inCumbo v. State, 368 So.2d 871 (Ala.Cr.App. 1978), cert. denied,368 So.2d 877 (Ala. 1979), concerning circumstantial evidence, appellant's guilt or innocence became a jury question. SeeDolvin v. State, 391 So.2d 133 (Ala. 1980). It is not the function of this court to reweigh the evidence. Each element necessary to sustain a conviction for embezzlement was sufficiently proved. Pullam v. State, 78 Ala. 31 (1884).
 I
We disagree with appellant's contention that reversible error occurred where his indictment did not state the precise time the offense was committed. Appellant argues, in essence, that since his indictment did not state the precise time the offense was committed he did not know whether to defend against embezzlement under Alabama Code §§ 13-3-20, 13-3-21 (1975) or against one of the theft of property crimes set out in Title 13A of the Alabama Criminal Code which became effective on January 1, 1980. Sections 13-3-20 and 13-3-21 were repealed for offenses occurring after the effective date of the Criminal Code.
For the sake of clarity, we set out here the first two counts of appellant's indictment which were considered by the jury. Count III of appellant's indictment was stricken by the trial court before the case was submitted to the jury. Omitting its formal parts, appellant's indictment reads:
 "The Grand Jury of said County charge that, before the finding of this indictment *Page 912 
Donald Kelley, whose name is to the grand jury otherwise unknown than as stated, while the City Clerk-Treasurer of the City of Prattville, Alabama, who was entrusted with the collection, receipt, safekeeping, transfer or disbursement of money or funds belonging to or under the control of a city or town, to wit: Prattville, Alabama, did convert to his own use or the use of another person or corporation, in a manner contrary to law, a portion of such money or funds, to wit: seven hundred thirty-nine dollars and thirty-five cents ($739.35), which said money or funds were paid to the Holiday Inn Prattville by the City of Prattville for meals charged by the said Kelley, against the peace and dignity of the State of Alabama.
"COUNT II
 "The Grand Jury of said County further charge that, before the finding of this indictment, Donald Kelley, whose name is to the grand jury otherwise unknown than as stated, while an officer or employee, to wit: City Clerk-Treasurer, of a municipal corporation, to wit: Prattville, Alabama, did embezzle or fraudulently convert to his own use or the use of another money and checks or money or checks to the amount of about, to wit: seven hundred thirty-nine dollars and thirty-five cents ($739.35), and of that value, which said money and checks or money or checks were paid to the Holiday Inn Prattville by the City of Prattville for meals charged by the said Kelley, and which said money and checks or money or checks came into his possession by virtue of his office or employment, against the peace and dignity of the State of Alabama."
The general rule, and the rule that is controlling in the instant case, is that it is not necessary to state in an indictment the precise time an offense was committed. Alabama Code § 15-8-30 (1975). An exception to this rule arises if time is a material ingredient of the offense; however, that exception is not applicable here.
Appellant relies on Trent v. State, 15 Ala. App. 485,73 So. 834 (1916), and other similar cases for the proposition that an indictment must aver the time an offense was committed if the indictment covers a period of time when two mutually exclusive statutes are in force and the court cannot say from the record
which should be applied. In each case cited by the appellant, time was held to be a material ingredient of the offense. Without some averment of time stated in the indictment in those cases, it was not clear whether the accuseds were being prosecuted under a new statute or an old statute. The situation in the case at bar is distinguishable.
Initially it must be noted that Count I and Count II of appellant's indictment, which was returned against him on September 16, 1980, follow substantially the language in Alabama Code §§ 13-3-21, 13-3-20 (1975), respectively. From its plain reading, appellant's indictment specifically charges him with embezzlement and not with theft of property under §13A-8-4. In fact, Count II charges with particularity that appellant "did embezzle." Thus, from the record, it can clearly be seen that the State was proceeding under §§ 13-3-20 and 13-3-21, and not under a new statute. Appellant in this case could not have been misled or in doubt as to the charge of which he was accused. Holt v. State, 238 Ala. 219, 193 So. 101
(1939). Since there can be no question that appellant was charged with embezzlement from the face of his indictment, appellant was put on notice that he was being charged for an offense occurring prior to 1980. Therefore, it was not necessary for appellant's indictment to state the precise time the offense was committed.
Assuming arguendo that time was a material ingredient of the offense in this case, we opine that this requirement was sufficiently met. Appellant's indictment charges with clarity in both counts that the offense of embezzlement occurred while he was City Clerk-Treasurer of the City of Prattville. This averment was necessary to establish that appellant was an agent, an essential element to embezzlement. Pullam *Page 913 v. State, 78 Ala. 31 (1884). It is also an elementary principle of law that an indictment must be proved as it is laid. Airhartv. State, 388 So.2d 211 (Ala.Cr.App. 1979), cert. quashed,388 So.2d 213 (Ala. 1980). In other words, in order to prove a prima facie case against appellant, it was incumbent upon the State to prove that appellant committed the offense charged while he was City Clerk-Treasurer of the City of Prattville. Appellant admitted through his sworn testimony that his employment with the City of Prattville was terminated on November 16, 1979, well before the effective date of Title 13A. It becomes readily apparent that appellant's indictment apprised him of what time period he was accused of committing the specified criminal offense — that time period when he was Prattville City Clerk-Treasurer which was prior to 1980. Moreover, because appellant was apprised of the time period in question, he was necessarily apprised that the offense charged was embezzlement and not a Title 13A crime.
 II
There is no merit to appellant's argument that the State improperly joined offenses in his indictment which were not subject to the same punishment. As stated earlier, only Counts I and II of appellant's indictment were submitted to the jury. These counts follow substantially the language in Alabama Code §§ 13-3-20, 13-3-21 (1975). The punishment for violation of either of these sections is the same: as if the person had stolen the money or property.
Appellant's argument that the State impermissibly charged twelve distinct and separate offenses, some of which were felonies and others which were misdemeanors, falters on authority of Willis v. State, 134 Ala. 429, 33 So. 226 (1901). Also see Troup v. State, 32 Ala. App. 309, 26 So.2d 611 (1946). In Willis the defendant embezzled small sums of money totaling about $306 over a period of approximately two years from time to time as it came into his possession. In addressing the identical issue we have before us, our supreme court wrote:
 "The tendency of the evidence strongly supports the theory that the defendant systematically instituted a continuous series of withholding of his principal's money for the purpose of acquiring for his own use, ultimately, a large sum. Where this is the case, the doctrine of election does not apply, since the series of acts would constitute but one offense and each separate act would not be separate and distinct offenses. . . .
. . . .
 "If proof was made that $25 or more was embezzled, the crime is punishable as grand larceny is punished. . . ."
134 Ala. at 450, 454, 33 So.2d 226.
We find those principles announced in Willis and followed inTroup applicable in this case.
 III
Appellant alleges that the trial court committed reversible error in allowing the State to introduce evidence, over objection, of his personal relationship with Mrs. Linda Williams, one of the female employees he took to lunch at the Holiday Inn. Testimony revealed that while appellant was indulging himself and others to lunch at city expense, he and Mrs. Williams indulged in indiscretions of a romantic nature in his office during working hours. Mrs. Williams was seen sitting in appellant's lap; the two were observed hugging, kissing, and embracing; and appellant was witnessed touching Mrs. Williams's breasts. Appellant argues that this evidence was irrelevant to the issue of embezzlement and was an attempt by the State to inflame the jury by showing him to be a person of bad character. The State counters that appellant's personal relationship with Mrs. Williams was relevant to show his motive for committing embezzlement. On review of the authority dealing with the question of motive, we cannot disagree, as a matter of law, with the State's position.
In cases based largely upon circumstantial evidence, a rather wide range of evidence is allowed in developing circumstances *Page 914 
tending to show motive on the part of the accused. Turner v.State, 224 Ala. 5, 140 So. 447 (1931); Chambliss v. State,373 So.2d 1185 (Ala.Cr.App.), cert. denied, 373 So.2d 1211 (Ala. 1979). Where the evidence is in conflict as to whether the accused did the act, or is partially or wholly circumstantial upon that issue, the question of motive becomes a leading inquiry. Harden v. State, 211 Ala. 656, 101 So. 442 (1924). While not alone sufficient to justify a conviction, motive may strengthen circumstantial evidence. Dolvin v. State,391 So.2d 666 (Ala.Cr.App. 1979), affirmed, 391 So.2d 677 (Ala. 1980). Evidence of a particular relationship between the accused and another person, when combined with other factors, may be relevant in proving motive and therefore be admissible. Turner,supra.
As our supreme court stated in McDonald v. State, 241 Ala. 172,174, 1 So.2d 658 (1941): "Testimony going to show motive, though motive is not an element of the burden of proof resting on the state, is always admissible." (Emphasis added.) And as was held in Baalam v. State, 17 Ala. 451, 453 (1850), "When it is shown that a crime has been committed and the circumstances point to the accused as the guilty agent, then proof of a motive to commit the offense, though weak and inconclusive evidence, is nevertheless admissible." See also McClendon v.State, 243 Ala. 218, 8 So.2d 883 (1942); Spicer v. State,188 Ala. 9, 65 So. 972 (1914). Even slight evidence to show a motive for doing the act in a criminal case is not to be excluded, but should be left to the consideration of the jury.Arnold v. State, 18 Ala. App. 453, 93 So. 83 (1922).
Further in Earnest v. State, 21 Ala. App. 534, 536,109 So. 613 (1926), the court held the following:
 "[I]t is permissible in every criminal case to show that there was an influence, an inducement, operating on the accused, which may have led or tempted him to commit the offense. It may spring from the lust of gain, or the gratification of an unlawful passion, from animosity, ill will, hatred, or revenge. The extent or magnitude of such motive, whether great or small, is also a proper inquiry. . . ."
While a jury cannot be too "cautious" in attaching importance or weight to evidence of motive, if the evidence tends to prove the existence of motive, even if such evidence is weak and inconclusive, it cannot be rejected. Baalam, 17 Ala. at 454.
With these principles of law in focus, it can be seen from the present facts that at least part of the appellant's motive for embezzling funds from the City of Prattville was so that he might enjoy the personal relationship he experienced with Mrs. Williams, whom he so frequently wined and dined at city expense. From the record before us, it appears that appellant encouraged and exhibited unprofessional conduct with other female employees in his office other than Mrs. Williams, but that his involvement with Mrs. Williams had progressed further along than with any of the others. Appellant took each one of these women to lunch for no apparent business purpose. The motive for those frequent "treats" to steak and whiskey is apparent. Appellant had to have funds to pay for these outings, and the city treasury supplied those funds. Thus, it cannot be said that appellant's motive for embezzling city funds was totally absent his desire to maintain his personal involvement with Mrs. Williams and to maintain his standing with those other female employees. This inference is reasonable and not speculative. Spicer, supra. It, therefore, was admissible for the State to show the full extent of appellant's relationship with Mrs. Williams. To what degree their personal relationship motivated appellant to embezzle was a jury question.
 IV
During redirect examination of Mrs. Connie Creel, another of the female employees appellant carried to lunch and who was City Clerk for Prattville at the time of appellant's trial, the following exchange occurred:
 "Q. Mrs. Creel, how often did you ever notice money on the defendant? I mean, cash money? *Page 915 
"A. I —
 "MR. SHINBAUM: I am going to object. It is irrelevant.
 "MR. GRADDICK: It's not irrelevant in an embezzlement case.
"THE COURT: I overrule —
 "MR. SHINBAUM: He is accused of embezzling meals at the Holiday Inn. Now, if you want to show that he carried around meals all of the time, that might be relevant, but money is something else.
"THE COURT: I overrule the objection.
"Q. How many times, Mrs. Creel?
"A. How many times?
"Q. Uh-huh.
"A. A lot."
We hold that any error by the trial court in the reception of this testimony was harmless at most. Rule 45, Alabama Rules of Appellate Procedure. While Mrs. Creel testified that she did not see how appellant had paid for the meals at the Holiday Inn, the evidence was fully developed that the meals were paid for with City of Prattville checks written at a later time. There was never any contention that appellant had embezzled cash from the City of Prattville. The fact that Mrs. Creel had seen "cash money" on appellant's person would therefore be a fact tending to exculpate and not incriminate appellant.
 V
The verdict of the jury was in accordance with the trial court's oral charge. We note that no exceptions were taken at the conclusion of the court's instructions. The trial court's oral charge must be considered and construed as a whole and in connection with the evidence, and if, when so construed, it asserts a correct proposition applicable to the evidence, then a disconnected part or sentence is not reversible error. VanAntwerp v. State, 358 So.2d 782 (Ala.Cr.App.), cert. denied,358 So.2d 791 (Ala. 1978).
 VI
We have carefully reviewed each of appellant's refused written charges and find that those charges were either substantially covered by the trial court's oral charge or other given written charges, were affirmative, or were abstract as applied to the facts. Walker v. State, 265 Ala. 233,90 So.2d 221 (1956); Hawkins v. State, 53 Ala. App. 89, 297 So.2d 813,cert. denied, 292 Ala. 723, 297 So.2d 817 (1974). Their refusal was thus proper.
We have considered each issue raised by appellant. In addition we have searched the record as required by law and find no error.
AFFIRMED.
All the Judges concur.