HARRIS, Presiding Judge.
On June 18, 1981, a Jefferson County Circuit Court jury found appellant guilty of first degree robbery. Sentence was set at fifteen years’ imprisonment.
The State’s first witness was Officer D.D. Todd, an evidence technician for the Birmingham Police Department. On September 3, 1980, Officer Todd was called to Roberts Funeral Home in Ensley, Alabama, to investigate a robbery. He “dusted” for latent fingerprints and was able to “lift” four latent prints from a telephone at the funeral home.
Ms. Sandy Triplett, a fingerprint technician working in the Birmingham Identification Bureau, compared various photographs of the latent prints lifted from the telephone at the funeral home with known prints of appellant. In her opinion the fingerprints matched.
Officer Russell Ivory Atkins of the Birmingham Police Department testified she fingerprinted appellant when he was arrested. She identified the master card on which she placed appellant’s fingerprints.
Marilyn Johnson was secretary at the Roberts Funeral Home on the day of the robbery. While she was talking on the telephone in a back office of the funeral home, appellant and a male companion came to the office door and inquired about a body. After she told them that the body was not in the funeral home, the pair left.
A few minutes later appellant reappeared with another male companion. Ms. Johnson was still using the phone. Appellant walked through the door with his hand underneath his shirt and approached Ms. Johnson’s desk. He told her, “You are getting ready to get robbed.” Ms. Johnson responded, “Are you serious?” to which appellant replied, “Yes.”
Appellant grabbed the phone from her hand and hung it up. He took a manila envelope containing around $200 in cash, along with a number of checks. He and the companion left.
Ms. Johnson testified that she was afraid when appellant entered the room with his hand under his shirt, and it was her impression that he was carrying a gun. She also made a positive in-eourt identification of appellant based on the relatively long period of time she observed him when he robbed her.
Sergeant Howard Felts of the Birmingham Police Department was assigned to the case. He testified that Ms. Johnson picked appellant out of a photographic lineup.
*293 Sergeant Felts also testified that he talked with appellant after he was arrested. After Sergeant Felts read him his rights and made no promise or threat, appellant agreed to make and sign a statement. Appellant stated that he did not have a gun and made no threats, but he walked in and told Ms. Johnson, “Give me the money.” Appellant told Sergeant Felts that he and his companion split the money, and that he took the phone from the victim’s hand.
After the State rested, appellant called Marilyn Johnson back to the stand. Ms. Johnson denied telling appellant’s attorney that she had no reason to suspect appellant had a gun.
Appellant also took the stand. He testified that he only made his statement to Sergeant Felts because Sergeant Felts had promised probation if he told him who else was involved. He denied robbing Ms. Johnson.
The only issue appellant raises concerns the trial court’s oral charge on first degree robbery and the code section dealing with the apparent use of a deadly weapon as set out in § 13A-8-41(b), Code of Alabama 1975. That section reads: “Possession then and there of an article used or fashioned in a manner to lead any person who is present reasonably to believe it to be a deadly weapon or dangerous instrument, or any verbal or other representation by the defendant that he is then and there so armed, is prima facie evidence under subsection (a) of this section that he was so armed.”
Specifically, appellant contends that the trial court misled the jury when it charged the jury, “and 1st degree is with a gun or the defendant creates a reasonable impression that he is armed with a deadly weapon or dangerous instrument. (Emphasis added.) We disagree with appellant’s contentions.
As has been held many times by this court, the trial court’s oral charge must be considered as a whole, and if, when so construed, it asserts a correct proposition of law applicable to the evidence, there is no error. Kelley v. State, Ala.Cr.App., 409 So.2d 909 (1981). Van Antwerp v. State, Ala.Cr.App., 358 So.2d 782, cert. denied 358 So.2d 791 (1978). In construing the charge as a whole, we find no error.
Before the jury retired, the trial court on two separate occasions quoted the applicable code section, § 13A-8-41(b), word for word, and told the jury he was doing so.
After the jury retired for deliberations, it asked for further instructions on the difference between the three degrees of robbery. The trial court paraphrased the distinction between the first degree robbery and the two lesser degrees by stating that, in first degree robbery, the defendant must create a “reasonable impression” he had the gun. Then for the third time, the trial court quoted word for word § 13A-8-41(b). He then “summed up” the charge by repeating the paraphrased “reasonable impression” charge.
Because of the repeated instructions that quoted the identical language of the relevant code section, the charge read as a whole was not misleading. This is especially true in light of the fact that the trial court’s paraphrasing or simplification was merely that: a simplified paraphrasing to make the law more easily understood. His simplification stated substantially the same elements as the code section, and, read in connection with the charge as a whole, the trial court’s paraphrasing did not mislead the jury.
We have carefully searched the record for errors injuriously affecting the substantial rights of the appellant and have found none. The judgment of conviction is affirmed.
AFFIRMED.
All the Judges concur.