# CASES

IN THE

# SUPREME COURT OF ALABAMA

### NOVEMBER TERM 1912-13.

## Ward *v.* The State.

### *Murder.*

(Decided May 15, 1913.   Rehearing denied June 19, 1913.
62 South. 703.)

1. *Homicide; Evidence.*—Evidence that deceased had given defendant money on previous occasions was immaterial where the prosecution had merely shown that deceased had money on her person early in the night during which she was killed, and that defendant had opportunity to know this, in the absence of evidence that the money on her person had been taken or had disappeared.

2. *Same.*—After the state had shown that deceased had $23 on her person early in the night on which she was killed, a question to defendant "had deceased given you money on previous occasions?" was properly disallowed as not indicating that her bounty on any previous occasion had approached that sum, there being no offer to show such was the case; notwithstanding the theory that the response to the question would have shown the previous giving of money by her to him, thus negativing necessity for him to harm her in order to get money from her.

3. *Evidence; Motive; Necessity.*—It is not essential or necessary to a conviction that a motive for crime be shown.

APPEAL from Tuscaloosa County Court.

Heard before Hon. H. B. FOSTER.

Pharis Ward, alias, etc., was convicted of murder and he appeals.   Affirmed.

COLLIER, WRIGHT & FITE, for appellant. Counsel discuss errors relative to the rejection of evidence, and insist that there was material error therein, but they cite

no authority in support of their contention. They insist that the record fails to disclose that any special venire for the trial of this cause was actually drawn, and also fails to show service of copy on defendant, and that this was error to reversal.—*Kilgore v. State,* 124 Ala. 24.

R. C. BRICKELL, Attorney General, and W. L. MARTIN, Assistant Attorney General, for the State.

McCLELLAN, J.—Defendant (appellant) was adjudged guilty of murder in the first degree, and his punishment fixed at life imprisonment. The victim was Susie Kimbrel. She was killed by blows on the head. The instrument used was an "iron angle-bar."

There were no eyewitnesses to the tragedy. The evidence pointing to defendant's guilt of the crime was circumstantial. Capable counsel, who appear for appellant, suggest and argue but one ruling of the trial court which they insist was prejudicial error. Other rulings adverse to appellant have been noted and considered, but none of these are found to be error.

The prosecution offered testimony tending to show that the deceased had about $23 on her person early in the night during which she was killed, and that appellant had the opportunity to know this fact. While it would seem that the purpose entertained by the prosecution in offering this evidence was to show a mercenary motive for the crime, we find no evidence in the transcript disclosing whether the money seen in deceased's possession the night before was found on or about the body when it was discovered the next morning. The record is silent in this particular.

With the evidence in this state defendant's counsel propounded this question on defendant's examination

in chief: "Had she given you money on previous occasions?" The court sustained an objection to the question, and excluded a premature affirmative answer thereto. This is the only ruling urged for error by counsel. It not having been shown that the sum mentioned was taken or had disappeared from the body of deceased, the quoted question sought entirely immaterial evidence.

It is not indispensable to a conviction in any criminal proceeding that the prosecution show a motive for the crime.—*Clifton v. State*, 73 Ala. 478. And guilt may, of course, be established without the production of evidence pointing to a particular motive entertained by the accused.

If the money in possession of deceased early in the night of her death was not taken, there was other evidence before the jury tending to identify defendant as a guilty agent in the murder. The only theory upon which error is, or could be, sought to be predicated in disallowing the quoted question, is that a response thereto would have disclosed the voluntary giving of money to accused by deceased on previous occasions, and thereby have negatived any necessity, in order to get money from her, for him to harm her. If the question should be accepted as proper otherwise, it did not indicate, in any degree, that the bounty of deceased was on any previous occasion of a magnitude approaching the sum of $23; and there was no offer to show that such was the case.

No error appearing the judgment is affirmed.

Affirmed. All the Justices concur, except DOWDELL, C. J., not sitting.