1 So.2d 658

**McDONALD v. STATE.**

**8 Div. 65.**

Supreme Court of Alabama.

April 17, 1941.

Scruggs & Creel, of Guntersville, for appellant.

Thos. S. Lawson, Atty. Gen., and Wm. N. McQueen, Asst. Atty. Gen., for the State.

174

BROWN, Justice.

■ The defendant was indicted for the murder of Irvin Whitaker, the indictment containing six counts, the averments of the means by which the offense was committed varying in the several counts, and in some of them it is averred such means were to the grand jury unknown. This form of pleading is authorized by the statute. Code 1923, § 4539. The means by which the offense was committed is not a constituent element of the offense of murder, though the averments as to the means used are material averments, and must be proved, unless they are averred to be unknown. Code 1923, § 4539; Gaines v. State, 146 Ala. 16, 41 So. 865; Huckabee v. State, 159 Ala. 45, 48 So. 796.

■ The several counts followed the form prescribed by the statute, Code 1923, § 4556, Form 76. It was physically impossible for the defendant to kill Whitaker more than once, therefore the indictment charged but a single offense, and the appellant's insistence that he was entitled to a separate verdict as to each count of the indictment is without merit.

■ The contention of appellant that the jurors were not properly examined by the court as to their qualifications to serve as jurors in the defendant's case is also without merit. The bill of exceptions recites that "They were examined by the Court as to their competency as jurors to try this case and as to their general competency as jurors."

■ It was permissible to allow the witness, John Kirkland, though not an expert, who saw and observed the building before and after the fire, and the body of the deceased and its condition after the murder, to describe the facts according to the effect made on his mind, and state his opinion as to the condition of the deceased's head derived from his observation. Mayberry v. State, 107 Ala. 64, 18 So. 219; White v. State, 237 Ala. 610, 613, 188 So. 388; Mc-

Pherson v. Martin, 234 Ala. 244, 174 So. 791.

■ The court did not err to reverse in allowing the witness to testify that he found a cap near the scene of the murder, and that he had seen Hubert Chandler wearing a cap of the same appearance. This testimony was connected up and made pertinent by the subsequent testimony going to show that said Chandler was an accomplice of the defendant in the murder.

■ The court did not err in allowing the witness to describe the human tracks leading across the field away from the scene of the murder and toward the parked truck that defendant and Chandler were using before the murder, and which they subsequently used in leaving the scene of the murder; that matches and cigarettes were found strewn between the house where the murder was committed and where the tracks were found leading through the field.

■ The court did not err in sustaining the solicitor's objection to the questions asked the witness Bennett by defendant's counsel: "He never had admitted in any kind or character he had anything to do with the killing has he?" "He never told you anything like that has he?"

What the defendant did not do or did not say could not be a part of a conversation.

■ The question put to the said witness Bennett: "He told you that he went to Cecil Bartlett's and bought twenty cents worth of whiskey from Cecil Bartlett, didn't he?" was but an attempt to impeach said Bartlett who had testified that he did not sell defendant liquor on the night of the murder, on an immaterial matter and called for hearsay testimony.

■ Testimony going to show motive, though motive is not an element of the burden of proof resting on the state, is always admissible. Brunson v. State, 124 Ala. 37, 40, 27 So. 410; Jones v. State, 13 Ala.App. 10, 68 So. 690.

■ Therefore, the court did not err in allowing the witness Province, over defendant's objection, to testify that the deceased kept money in his little store and on his person.

We find nothing in the several rulings of the court in respect to evidence of the defendant's good character that requires treatment. No reversible errors were committed in these rulings.

The court did not err in excluding from the consideration of the jury the statement in the showing made for the absent witness Hilda Ogletree, as to the declaration of Chandler at the hospital, exculpating defendant and assuming full responsibility of the crime. This was hearsay. Wesson v. State, 238 Ala. 399, 191 So. 249.

Defendant's refused charge one ignores the phase of the evidence tending to show conspiracy between defendant and Chandler to commit the offense, and left to the jury to determine what constituted aiding and abetting.

The evidence going to show what instrument was used in committing the offense is left in inference, and was a question for jury decision, therefore charges 2, 3, 4, 5, 6 and 7, were refused without error.

Charge 8 was also properly refused.

No errors appearing in the record and proceeding of the circuit court, the judgment of conviction is due to be affirmed.

It is so ordered by the court.

Affirmed.

GARDNER, C. J., and THOMAS and FOSTER, JJ., concur.