25 So.2d 170

**WINGARD v. STATE.**

3 Div. 443.

Supreme Court of Alabama.

March 7, 1946.

Heirston Foster and Ralph Ghent, both of Montgomery, for appellant.

Wm. N. McQueen, Atty. Gen., and John O. Harris, Asst. Atty. Gen., for the State.

SIMPSON, Justice.

The defendant, Lester Wingard, has appealed from a sentence of death for killing Herbert Athey. In addition to the plea of not guilty, he interposed the plea of not guilty by reason of insanity.

Few exceptions, none meritorious, were reserved pending trial and right to a reversal is rested upon the argument that the trial court erroneously refused to grant his motion for a new trial.

The evidence disclosed that one Saturday afternoon at Ramer, Alabama, the defendant, under the influence of whiskey, though not drunk, appeared on one of the streets boisterous and disorderly. He had been cautioned by several white persons to leave and go home, among these being a deputy sheriff who became provoked by defendant's reply to his remonstrances, whereupon the deputy struck defendant with his fist. This apparently angered Wingard, who left the scene, and as he departed was heard to say, "I am going to kill me a white man before the sun goes down." A few minutes later the defendant reappeared in another part of the town in a very agitated condition, apparently still angry, and kicking a pile of "scantlings" which was in the yard of one of the residents. As Mr. Athey, a white man sixty-six years of age, passed him Wingard struck him with one of the "scantlings" on the head over the right ear. The blow crushed the skull, he never regained consciousness, and death followed a few days later.

The defendant did not testify and the evidence introduced in his behalf was solely in support of his insanity plea.

It is intimated in argument of counsel that due to the weird circumstances of the tragedy and an apparent absence of malice of the defendant toward the deceased, a conviction of first-degree homicide was not authorized.

490

Proof of motive for the crime is not indispensable to a conviction and guilt may be established without evidence pointing to any particular motive entertained by the accused. Clifton v. State, 73 Ala. 473; Ward v. State, 182 Ala. 1, 62 So. 703. "The criminal act, and the connection of the accused with it, being proved beyond a reasonable doubt, the act itself furnishes the evidence, that to its perpetration there was some cause or influence moving the mind. There is no room for speculation as to its nature or character, and it avails nothing to the defense, that of it affirmative evidence is not adduced." Clifton v. State, supra, 73 Ala. at page 479.

But disregarding the stated principle, the defendant's own assertion that he was going to kill a white man before sundown gives color to his conduct and points to the motive for his act. True, perhaps no individual animosity toward his victim, but of a universal character against those of that race and definitely explaining the unusual cold-bloodedness of the crime.

The main insistence is that the insanity plea was sufficiently proven, accordingly rendering erroneous the denial by the trial court of the defendant's motion for a new trial. This argument is wholly untenable.

The defense of insanity must be clearly prove to the reasonable satisfaction of the jury and the burden is on the defendant to do so. Code 1940, Title 15, § 422; Boyle v. State, 229 Ala. 212, 154 So. 575; Lee v. State, 246 Ala. 343, 20 So.2d 471; Reedy v. State, 246 Ala. 363, 20 So.2d 528.

There is no sanction in our law of emotional insanity as an excuse for crime. Coffey v. State, 244 Ala. 514, 14 So.2d 122; Reedy v. State, supra.

We repeat the well-known rule that to sustain the defense of insanity the evidence must establish that at the time of the commission of the crime the defendant was afflicted with a diseased mind to the extent that (1) he did not know right from wrong as applied to the particular act in question, or (2) if he did have such knowledge, he, nevertheless, by reason of the duress of such mental disease had so far lost the power to select the right and to avoid doing the act in question as that his free agency was at the time destroyed, and (3) that, at the same time, the crime was so connected with such mental disease, in the relation of cause and effect, as to have been the product of it solely. Parsons v. State, 81 Ala. 577, at pages 596, 597, 2 So. 854, 60 Am.Rep. 193.

It would be purposeless to detail the evidence, patently insufficient, adduced to support the plea and a resort to the record will make manifest the entire lack of evidence to meet the test of our authorities. It is enough to say that the trial court ruled correctly on the question and in denying the motion for a new trial on this ground.

Consonant with our duty in such cases, we have scanned the entire record for prejudicial errors and find none. The conclusion is reached that the trial proceeded without error and that the judgment is due to be affirmed. So ordered.

Affirmed.

All the Justices concur.