45 So.2d 4

### RAY v. STATE.

**7 Div. 24.**

Supreme Court of Alabama.

March 2, 1950.

330

Ellis & Fowler, of Columbiana, for appellant.

A. A. Carmichael, Atty. Gen., and Alfred W. Goldthwaite, Asst. Atty. Gen., for the State.

SIMPSON, Justice.

The defendant appeals from a life sentence of murder in the first degree for the unlawful homicide of one Reece Kitchens.

Consistent with the duty imposed by statute, Code 1940, Title 15, § 389, we have scanned the record for possible errors, but on a careful consideration are impelled to the conclusion that the trial proceeded without prejudicial error to the defendant.

The case was one peculiarily for the decision of the jury and from the standpoint of the State's evidence, the verdict returned was warranted. It was proven by the State that a few days prior to the fatal event, a difficulty had arisen between defendant and deceased, that defendant had made threats against the deceased, and on the day when he killed the deceased with a .22 rifle, he was drinking and proceeded to the deceased's own premises some distance away, entered into a discussion with the deceased, cursed him, said he was going to kill him, and then carried out his threat. The evidence for the defense tended to controvert the State's evidence and to sustain the defendant's plea of self-defense, which, of course, presented a question for the jury's decision and which finding we should not disturb. West's Digest System, Crim. Law, ☞1159(3).

There is really not much to say about this case, since we find no error in the record. Some discussion and objection on the part of the defendant was made when the State offered to introduce the bloody shirt worn by the deceased at the time of his death, which garment showed the location of the bullet hole, its entrance and exit. There was no error in the allowance of the article, since it elucidated the character and location of the wound on the body. Our cases are clear to the effect that even though cumulative and though inflammatory in character, if it has a tendency to shed light upon a material inquiry, such evidence is, none the less, admissible. Wilson v. State, 31 Ala.App. 21, 11 So.2d 563, certiorari denied, 243 Ala. 671, 11 So.2d 568; Reedy v. State, 246 Ala. 363(9), 20 So.2d 528; Stallings v. State, 249 Ala. 1, 32 So. 2d 233.

There was likewise no error in the cross-examination of the accused by the State to show that he and the deceased had had some trouble or difficulty on the previous Sunday before the murder. No particulars of the affair were sought to be introduced and, if for no other reason, such evidence was admissible as tending to show possible bad feeling engendered and motive on the part of the defendant for the killing. Though proof of motive for the crime is not indispensable to a conviction, Wingard v. State, 247 Ala. 488(1), 25 So.2d 170, it is permissible testimony in aid of the State's case. McDonald v. State, 241 Ala. 172(9), 1 So.2d 658.

The several refused charges appear in the transcript in the order prescribed by the statute as requested by the defendant and, presuming that the clerk complied with the requirement of the law and only set out in the record the charges refused to the appellant, there being no necessity for the setting out of any other refused charges, these changes are subject to review. Jackson v. Burton, 226 Ala. 483(4), 147 So. 414; Lynn v. State, 250 Ala. 384, 388, 34 So.2d 602.

On a careful consideration of each of such charges, however, we have concluded that no prejudice resulted to the defendant by their refusal. Most were either incorrect statements of the applicable law, invasive of the province of the jury, or

argumentative, and so properly refused. While one or two might perhaps be considered as correctly postulating the law, they were either abstract or amply covered by the oral charge of the court or other given charges, resulting in no error in their refusal.

Our conclusion is that the judgment is due to be affirmed and it is so ordered.

Affirmed.

BROWN, FOSTER, LAWSON and STAKELY, JJ., concur.