67 So.2d 2

## SANDERS v. STATE.

### 4 Div. 717.

Supreme Court of Alabama.

Aug. 11, 1953.

Jack W. Wallace, Clayton, and Archie I. Grubb, Eufaula, for appellant.

Si Garrett, Atty. Gen., and Wm. H. Sanders, Asst. Atty. Gen., for the State.

MERRILL, Justice.

The appellant, Will Sanders, was tried before a jury in the Circuit Court of Barbour County, Alabama, under an indictment charging that he killed J. C. Williams, Jr., alias Junior Williams, unlawfully and with malice aforethought by shooting him with a pistol. The appellant was indicted jointly with another defendant, Dowling Green, but a motion for severance was granted and the defendant Sanders was put to trial first. The jury found the appellant guilty of murder in the second degree and fixed his sentence at twenty-five years in the State penitentiary. Defendant's motion for a new trial was denied. From the denial of said motion and from the verdict and sentence thereunder, appellant prosecuted this appeal.

Appellant's brief deals solely with alleged defects in the judgment entry as set out in the original record. This judgment entry was plainly defective. However, after appellant's brief had been filed, but prior to submission, the State's motion for a writ of certiorari to correct the judgment entry in the record was granted and the clerk of the Circuit Court of Barbour County thereupon sent up a correct copy of this judgment entry for insertion in the record.

On a night in January, 1952, the deceased, J. C. Williams, Jr., in company with his brother, Travis Williams, his uncle, Shelley Williams, and a brother-in-law, Oyed McClendon, went to the store of Dowling Green located near Louisville in Barbour County. Green was not there when they arrived. The men ordered beer and sat at the counter to drink it. After they had been there a few minutes, the defendant Will Sanders, who is the grandfather of Dowling Green's wife, came into the store, after having been sent for by his granddaughter, Mrs. Green. He went behind the counter in the store and engaged in amicable conversation with some of these men. Shortly thereafter, Mr. Green, the owner of the store, came in and went behind the counter. Shelley Williams called him to one end of the room and they talked with the counter separating them. Their conversation concerned some trouble which had occurred at the store two nights previously between Green and J. C. Williams, Sr., the father of the deceased Junior Williams, at which time Green had been forced to hit J. C. Williams with a club or black jack. While Shelley Williams and Dowling Green were talking at the counter, Junior Williams, the deceased, entered into the conversation and told Green that he (Green) was "going to have to hit me with the same club you hit daddy with."

At that point there was conflict in the testimony. The defendant and Dowling Green testified that Shelley Williams reached across the counter and grabbed Dowling Green by his overalls and that Travis Williams threw a bottle at Dowling Green, which shattered against the wall above his head. This was denied by Travis Williams. At that time both Dowling Green and the defendant began shooting, each of them having a pistol. Green fired five times, the defendant three times. J. C. Williams, Jr., and Shelley Williams were killed immediately and fell to the floor by the counter. Travis Williams was seriously wounded.

Neither the defendant nor Green was able to state which of the deceased persons he shot. Green made a statement to the arresting officer that "If I shot anybody I guess it was Shelley". Travis Williams and Oyed McClendon testified that it was the defendant Sanders who shot the deceased Junior Williams. The testimony is undisputed that none of the men in the Williams party had, or at least used, any weapon during the shooting.

Green testified that he had gone to Louisville a short time before the Williams boys arrived at his store and asked a police officer to come back with him to the store because "the Williams boys were after him," and this was corroborated by the policeman.

The theory of the defense was that the killing was justified because the defendant Sanders was coming to the defense of Dowling Green. There was no claim that any one was about to attack defendant or had in any manner threatened him.

It is the duty of this Court under Title 15, § 389, Code, to "consider all questions apparent on the record * * *, and must render such judgment as the law demands."

Several charges requested by the defendant were refused by the court, but upon a careful consideration of each of such charges we have concluded that no prejudice resulted to the defendant by their refusal. Most were either incorrect statements of the applicable law, invasive of the province of the jury, argumentative, duplications or otherwise covered by the oral charge and were properly refused. Ray v. State, 253 Ala. 329, 45 So.2d 4.

We have carefully considered the evidence and the court's rulings on objections thereto, and we are satisfied that no injury resulted therefrom to the defendant. See Kabase v. State, 244 Ala. 182, 12 So. 2d 766. The evidence was not only suffi-

cient to take the case to the jury but was amply sufficient to support the verdict of the jury.

Our conclusion is that the judgment is due to be affirmed, and it is so ordered.

Affirmed.

LIVINGSTON, C. J., and LAWSON, SIMPSON and GOODWYN, JJ., concur.