214 So.2d 843

**John HARRIS**

v.

**STATE of Alabama.**

**8 Div. 272.**

Supreme Court of Alabama.

Oct. 17, 1968.

Chenault & Moebes, Decatur, for appellant.

MacDonald Gallion, Atty. Gen., and Marlin Mooneyham, Asst. Atty. Gen., for the State.

PER CURIAM.

Appellant, an indigent, was indicted in Lawrence County for murder in the first degree. He entered a plea of not guilty which embraced his contention, on the trial in the circuit court of Lawrence County, that he acted in self-defense when he committed the homicide. He was convicted of the highest offense—murder in the first degree—embraced in the indictment. He was sentenced to life imprisonment. He here appeals from the judgment that was entered in response to the verdict.

Appellant in the trial court was diligently and carefully represented by responsible and able lawyers who were appointed by the trial court. These same attorneys were again appointed to represent defendant on this appeal. They have responded to the appointment.

Defendant, on this appeal, has summarized the evidence as follows:

"The testimony of numerous witnesses seems to establish that the defendant, John Harris, and the deceased, Ivory Harris, had been drinking illegal intoxicating whiskey over a period of several hours, and possibly several days, prior to the difficulty involved. On Sunday, April 30, 1967, the defendant, John Harris, Ivory Harris and Cal Burt had arrived at the home of Dave Shoulders on this tractor. The testimony was that they were all drinking when they got there and joined others already at the home of Dave Shoulders to continue their drinking spree throughout the day along with others in and about the house of Dave Shoulders.

"There is evidence that Ivory Harris and John Harris got into some trouble in the back yard of Dave Shoulders' premises. Willie B. Bynum testified that he heard Ivory Harris, the deceased, tell John Harris, the defendant, 'I'm going to kill you'. There is also evidence that Ivory Harris, the deceased, had stolen a knife, with a chain attached thereto, from the pocket of Willie B. Bynum some time during the day prior to the terminal encounter between John Harris and Ivory Harris. John Harris went over to the tractor and picked up a tractor wrench and started down the road to talk to Ivory Harris. When John Harris overtook Ivory Harris on the field road some half-block distance from the house of Dave Shoulders, Ivory Harris wheeled around with this knife in his hand and directed his attention toward the defendant, John Harris, with said knife open and in a striking position. It was after this occurred that the defendant, John Harris, hit Ivory Harris with this wrench, knocking him to the ground and inflicting the fatal wounds. There was evidence of the blood thirsty reputation of the deceased, Ivory Harris."

Appellee summarizes the evidence as follows:

"The State's evidence tends to show that the appellant, John Harris, killed his brother, Ivory Harris, on April 30, 1967, by striking him on the head approximately two or three times with a tractor wrench.

"The State's witnesses testified that the appellant, Ivory Harris, and Cal Burt, rode on a tractor driven by the appellant to Dave Shoulder's house.

\*   \*   \*   \*   \*   \*

"From the evidence it appears that all had been drinking 'white whiskey'. This drinking continued until about 4:30 or 5:00 p. m. that same day. About this time it appears that the deceased, Ivory Harris, and the appellant got into an argument. None of the State's witnesses knew what this argument was about.

"Willie Bynum, the appellant's half-brother, testified that he was in the kitchen of David Shoulder's home when he overheard Ivory Harris tell the appellant, 'If you hit me with those bricks, I am going to kill you.' Upon hearing this Willie Bynum walked into the back yard. He saw Ivory Harris turn and walk down the road away from the Shoulder's house. At this point the appellant threw some bricks down which he had in his hand and stated that he was going to kill Ivory Harris. Appellant then ran to the tractor and got a wrench from his tool box and ran toward Ivory Harris.

"Just before reaching Ivory, Cal Burk, a witness to the killing, hollered, 'look out, Uncle Tate (deceased) here he comes.' The evidence tends to show that Ivory Harris turned around with his hands raised. The evidence is in dispute as to whether or not Ivory Harris had a knife in his hand. The evidence does show that a knife was found near his body after he had been struck by appellant. Ivory Harris was immediately struck by the appellant with the wrench whereupon he fell to the ground. Appellant again struck Harris at least two or three times.

"After deceased was struck, Jessie and Willie Bynum ran to appellant and took

the wrench away from him. The appellant then went to the tractor which he cranked up and ran over the body of Ivory Harris. Ivory Harris died that same day from the injuries inflicted by the appellant.

"State Toxicologist Vann V. Pruitt, Jr., testified that deceased died from extensive brain damage and hemorrhage within the head produced by blows having been sustained to the head.

"The appellant, John Harris, took the stand and offered evidence in his own behalf. He testified that he, Ivory Harris, the deceased, and Cal Burt, went to the home of Dave Shoulders on the morning of April 30, 1967. All three rode on a tractor to the Shoulders' home.

"He testified that that afternoon while he and Cal Burt were standing in David Shoulders' back yard, Willie Bynum and Ivory Harris drew knives on each other; that he stepped in between them; and that Ivory Harris started toward him with a knife. He also testified that Ivory Harris told him that he (appellant) would never get home. After this encounter, Ivory Harris walked down the road. It is at this point that appellant testified that he had picked up the bricks.

"After the deceased had walked down the road, appellant testified that he ran over to the tractor and got a wrench. He then ran and walked down the road where he met the deceased. He testified that when he caught up with the deceased, deceased told him that he (appellant) had nothing to do with it.

"Harris then testified that Ivory Harris drew a knife on him and that he struck at the deceased's arm with a wrench, but hit his head instead. He testified that he did not run because Ivory was too close to him. The appellant did not remember hitting Ivory Harris but once. He also stated that he did not run over Harris' body. After this fight with Ivory the appellant went to Ellis Thorn's house where he was later arrested.

"In rebuttal, Willie B. Bynum testified that he and Ivory Harris did not draw knives on each other. Cal Burt also testified that he did not see any knives drawn by either Willie Bynum or Ivory Harris."

The jury heard the evidence and drew its own conclusions therefrom.

The trial court gave a comprehensive oral charge to the jury covering the elements and law of murder in the first degree, second degree, and manslaughter in the first degree. The court also gave thirty-one requested charges in writing for defendant. It refused twenty-four.

■ No insistence is here made that the trial court erred in giving any of the written instructions, nor in refusing the instructions. It occurs to us that the refused charges were either incorrect as to the applicable law, or were covered by the oral charge or the given instructions. Such refusal was not error under such circumstances. Title 15, § 389, Code 1940; Ray v. State, 253 Ala. 329, 45 So.2d 4(8).

■ After conclusion of the evidence, and before argument, defendant's counsel called the attention of the court to the failure of the State to prove venue. The court permitted the trial to be reopened, and the State to supply the missing evidence. Such ruling of the court was not error. Title 7, § 252, Code of Alabama 1940. See, also, Pond v. State, 55 Ala. 196 (3), wherein we observed:

"The circuit judge did not err in permitting a witness to be recalled, to prove what he had said about the venue of the offense charged. To prove the venue, he might allow a witness to come in after the examination had closed, though no such testimony had been given. The judge presides to see that justice be done to both parties; and in reference to such a particular as the *venue*, the mere place at which an offense is supposed to have been committed, he ought generally himself to see to it that it be

proved when the evidence for the State is given in."

The appellant does not contend that the trial court committed error in its rulings except as to reopening the trial and permitting the State to prove venue. This contention is without merit. We find no prejudicial rulings of the court. The judgment is affirmed.

The foregoing opinion was prepared by B. W. SIMMONS, Supernumerary Circuit Judge, and was adopted by the court as its opinion.

Affirmed.

LIVINGSTON, C. J., and SIMPSON, COLEMAN and KOHN, JJ., concur.