Frank R. Bayger, J.
This is an appeal from a judgment of conviction <of assault in the third degree in violation of subdivision 1 of section 120.00 of the Penal Law in the City Court of Buffalo. The defendant was found guilty by a jury verdict and the court sentenced him to one week in the penitentiary and one year probation.
The defendant was charged with assault in the third degree and the jury came back with a verdict of “ guilty with leniency ”. Defendant claims this verdict is contrary to law, and requires a hew trial; or in the alternative he requests a modification of sentence.
Although the CPL 310.50, made applicable to jury trials of an information by CPL 360.55, requires that the jury render a verdict in accordance with its instructions, which in this case was guilty or not guilty of assault third as charged in the information, the fact that the jury came in with a verdict of 1 ‘ guilty with leniency ” does hot render the verdict nugatory. Since a recommendation of mercy, in the absence of statute, is not a part of the verdict, that part of the verdict which stated “ with leniency” will be treated as surplusage, and disregarded or rejected, when to do so would leave a complete and valid verdict. See 5 Wharton’s Criminal Law and Procedure [Anderson ed.], pp. 327-328.) Furthermore, it is doubtful that the defendant preserved this question,for review. (CPLR 470.05, subd. 2.)
However, the sentence imposed by the court is unauthorized. Section 60.00 of the Penal Law sets out the authorized sentences *467 which are mandated by law. Subdivision 2 of section 60.10 of the Penal Law allows imprisonment only when there has been no sentence of probation. (See, also, Penal Law, § 65.00, subd. 1, par. [a].) Therefore, a sentence which combines probation with imprisonment would not be authorized by the Penal Law.
Therefore this court modifies the sentence imposed on the defendant to probation for a period of three years in accordance with section 65.00 (subd. 3, par. [b]).