Jackie McLeod was indicted and tried for escape from work release. The jury found him "guilty as charged," assessed him a fine of $1.00 and requested leniency. The trial court, however, set sentence at six months in the county jail.
The State's evidence established that appellant was assigned to the Montgomery Work Release Center and was employed by the Montgomery Sanitation Department pursuant to a work release program. On January 10, 1979, appellant telephoned the supervisor of the Montgomery Sanitation Department and said that he was ill. A security check with the work release center revealed that appellant had boarded the bus at the center that morning, but he did not report to work, nor did he return to the center that evening.
Appellant testified in his own behalf that he repeatedly requested an eight hour pass to see his wife and three small children but that these requests were denied. Appellant testified that contrary to the State's evidence he did go to work on January 10, 1979, and that he did return to the center that evening.
 I
Appellant first argues on appeal that the verdict of the jury is void because it was contingent on his receiving leniency in sentencing.
At the close of deliberations the jury returned the following verdict: "We, the jury, find the defendant guilty as charged . . . We, the jury, request leniency for the defendant."
In Cook v. United States, 379 F.2d 966 (5th Cir. 1967), the jury's verdict of guilty contained a recommendation for leniency. A poll of the jury indicated that one or more of the juror's vote of guilty may have been contingent on the defendant receiving lenient treatment in sentencing. The trial court refused defendant's request to inquire of the jury whether their votes would be for conviction if they were advised that they could not recommend leniency or that this recommendation was not a subject for their consideration.
The Circuit Court of Appeals for the Fifth Circuit held that the trial court's refusal to clarify the jury's verdict voided that verdict.
We view Crutcher v. State, 55 Ala. App. 469, 316 So.2d 716
(1975), to be controlling in this case, however. As Judge Bookout stated in Crutcher:
 "In the instant case not only did counsel for the appellant fail to request to poll the jury, but nowhere in the record can it be shown or inferred that the jury might possibly have held otherwise if any juror had known the recommendation of leniency would have had no effect. The proper method would have been for the defense attorney to ask to have the jury polled at which time he could have asked if each would have voted the same if the judge had instructed them that they could not recommend leniency. See: People v. Syph, 74 Misc.2d 466, 344 N.Y.S.2d 47
(1973)." 55 Ala. App. at 473, 316 So.2d at 720.
Therefore, the jury's request for leniency under the facts of the present case is mere surplusage and does not nullify the guilty verdict.
 II
Appellant also contends that the trial court erred to reversal in not allowing defense counsel to question a prison official about the amount of "good time" appellant lost as a result of his escape.
We have long held that the relevancy or lack of relevancy of a particular piece *Page 209 
of evidence in a criminal proceeding rests largely in the sound discretion of the trial court. Hill v. State, Ala.Cr.App.,366 So.2d 296, cert. denied, Ala., 366 So.2d 318 (1978), and authorities therein cited. To be admissible the proffered evidence must tend to prove or disprove the main inquiry of the case. Hill v. State, supra; C. Gamble, McElroy's AlabamaEvidence, § 21.01 (3d Ed. 1977).
In the present case, the amount of "good time" appellant may have lost as a result of the escape could not possibly shed light on the question of whether he in fact escaped as charged in the indictment. Thus, the trial court did not abuse its discretion in not allowing testimony on this matter.
This record is free of error, and this cause is hereby
AFFIRMED.
All the Judges concur.