The appellant was found guilty of robbery and was sentenced to 18 years in the penitentiary. *Page 837 
Appellant was released from a sentence in the State penitentiary on an unrelated charge on August 5, 1974. On August 13, 1974, the robbery was committed. Appellant was indicted for the crime by the November 1974, session of the Grand Jury of Jefferson County.
On December 5, 1975, appellant was arrested in New York for an offense committed there. Based on the search of an NCIC computer data base that revealed appellant was wanted in Alabama, the New York Police Department sent a teletype notifying Birmingham authorities that Harper was in custody, and that Alabama should forward extradition papers and other information if appellant was still wanted. On December 8, 1975, the Jefferson County court responded to this message by issuing a warrant for appellant's arrest. The warrant was mailed to the New York Police Department with the following cover letter:
 "New York City Police Department Inter City Correspondence Unit 1 Police Plaza New York, New York 10038
"Gentlemen:
 In Re: State of Alabama vs: Douglas Harper
No. DA 610
 "Pursuant to your teletype communication to the Birmingham Police Department, enclosed is certified copy of Complaint and Warrant of Arrest, whereby subject, who is in your custody, is charged with Robbery, the maximum sentence for which being life.
 "Please lodge this Warrant as our detainer against Harper, and when available we wish to take the necessary steps to return him to this jurisdiction by extradition process in the event he will not waive.
"Please acknowledge.
 "Yours very truly, Earl C. Morgan District Attorney" ECM:d
Upon receipt of the warrant, the New York Police Department claims to have sent two teletyped requests to the Jefferson County District Attorney's office asking for other identification information.
The Jefferson County District Attorney testified to having no record of the receipt of these requests. The warrant was sent back to Jefferson County by New York on March 1, 1976, with the following cover letter:
 "Earl C. Morgan, District Attorney 10th Judicial Circuit of Alabama 610 Courthouse Birmingham, ALA. 35203
Re: Douglas Harper
No. DA 610
"Dear Sir:
"We are returning your warrant for the above subject.
 "We have sent two teletype requests to your department for photo and fingerprints on above subject and have received no reply.
"We are enclosing our photo of our subject.
 "Yours very truly, James F. Hannon Chief of Operations"
The charges were dropped in the New York offense, and appellant was released five days after his arrest.
On March 23, 1980, appellant was again arrested in New York on charges of rape and assault. Again, the Jefferson County District Attorney's office was notified and on June 17, 1980, Alabama requested extradition of appellant from New York. A hearing on September 4, 1980, granted extradition to Jefferson County, Alabama.
 I
The most substantial argument made by appellant challenges the denial of his motion to quash the indictment. The appellant contends that delay between his indictment in November 1974, and his arraignment in December of 1980, deprived him of his constitutional right to a speedy trial. *Page 838 
The United States Supreme Court has recognized the impossibility of setting an absolute rule defining when a defendant's right to a speedy trial has been denied. Rather, the court has established a generalized test that is used on a case-by-case basis. One is instructed to look at all the circumstances of the particular case, such as (a) the length of the delay, (b) the reason for the delay, (c) whether and how the defendant has asserted his right to a speedy trial, and (d) the prejudice due to the delay. Barker v. Wingo, 407 U.S. 514,92 S.Ct. 2182, 33 L.Ed.2d 101 (1974).
 A
The initial consideration that triggers further scrutiny of the denial of the speedy trial right under Barker v. Wingo, supra, is the length of delay.
A person becomes an accused for purposes of attaching the right to a speedy trial when an indictment is returned against him. Vickery v. State, 408 So.2d 182 (Ala.Cr.App. 1981); Turnerv. State, 378 So.2d 1173 (Ala.Cr.App.), writ denied,378 So.2d 1182 (Ala. 1979).
In computing the length of delay for the purpose of determining whether defendant's speedy trial rights were violated, it is necessary to exclude the period before the defendant's return to custody where that period of delay was solely attributable to defendant's own action. Bailey v. State,375 So.2d 519 (Ala.Cr.App. 1979).
Thus, in establishing the period of delay in this case, we herein must determine whether the delay was solely attributable to the defendant's own action or was to any degree attributable to an action or inaction on the part of the State.
The indictment against appellant was handed down in November of 1974, and arraignment of appellant occurred in December of 1980. This is a six-year period of delay. One year of the delay is clearly due to be excluded under the criteria stated inBailey, supra.
The delay from November 1974, to December 1975, was clearly attributable solely to appellant's own actions. During that time, appellant was a fugitive from justice, whose whereabouts was unknown to Alabama authorities.
However, on December 5, 1975, an opportunity to secure the fugitive appellant for trial intervened. After appellant's arrest on an unrelated charge in New York, there was undoubtedly miscommunication between law enforcement agencies in New York and Alabama concerning the forwarding of information on appellant pursuant to his extradition on the charges in this appeal. Thus, we find some evidence that a five-year portion of the delay, from December 5, 1975, until arraignment, was not solely attributable to the acts of the appellant. Such a finding requires this court to weigh other facts of the case to assure that the constitutional rights of the appellant were not infringed upon.
This is in accordance with the case of McCallum v. State,407 So.2d 865 (Ala.Cr.App. 1981), which stated that the length of the delay must be "presumptively prejudicial" in order to trigger an inquiry into the remaining Barker factors. A delay of two and one-half years was deemed presumptively prejudicial in that case.
 B
There is evidence that there was negligence on the part of the State in the transfer of information relative to the appellant's availability in New York for extradition on this charge in 1974. In the testimony of the assistant district attorney, Mr. Whisenant, the record reveals the following:
 "THE COURT: What do you think is the reason for the delay, Mr. Whisenant?
 "MR. WHISENANT: Your Honor, I don't honestly know, unless there was some loss of some paper work in transit. When those teletypes come in they usually come to the Sheriff's Office and are transferred up to our office, to the District Attorney's Office from there. Somewhere in the process all I can assume is that the paper work may have been misplaced." *Page 839 
While the negligence of the State, in not promptly pursuing extradition of the appellant, does act to begin the measurement of the period of delay, it is not sufficient by itself to establish denial of the right to speedy trial. No one of theBarker factors alone is necessary or sufficient condition to the finding of a deprivation of the right to a speedy trial.Barker, supra, 407 U.S. 533, 92 S.Ct. at 2193.
In the case of United States v. Walters, 591 F.2d 1195 (5th Cir. 1979), reh. denied, 594 F.2d 863 (5th Cir. 1979), the Fifth Circuit Court refused a claim of the denial of a speedy trial right when there was delay due to government neglect. The court in that case stated that while it must be weighed against the government, negligent inaction is not as damaging as intentional delay. See also United States v. Greene,578 F.2d 648, 655 (5th Cir. 1978).
It should be noted that Walters, unlike the appellant herein, made timely motions asserting her speedy trial right.
The Court in Barker v. Wingo, supra, stated that a "neutral" reason such as this should be weighed less heavily than deliberate delay. 407 U.S. at 531, 92 S.Ct. 2182 at 2192.
There is no evidence of deliberate delay on the part of the Alabama authorities. The delay was not purposeful or oppressive. Noe v. State, 391 So.2d 151 (Ala.Cr.App. 1980).
 C
Appellant did not demand a right to a speedy trial at any time prior to the day of trial. Numerous cases in this jurisdiction hold that one who makes no demand for a speedy trial prior to the trial itself may not complain of delay on appeal. Tidmore v. City of Birmingham, 356 So.2d 231, 233
(Ala.Cr.App. 1977), cert. denied, 356 So.2d 234 (Ala. 1978).
An exerpt from Prince v. State of Alabama is instructive on this point:
 "Prior to the decision of the Supreme Court in Barker v. Wingo, supra, the majority rule was that a defendant who failed to make a prompt demand for a speedy trial was deemed to have waived that right for the period up to the time of his first demand. . . .
 "Accordingly, the court in Barker substituted for the rigid demand-waiver rule a more flexible approach in which the defendant's assertion of speedy trial right became merely one of the several factors to be considered in determining whether the right had been abridged." Prince v. State of Alabama, 507 F.2d 693
(5th Cir. 1975).
However, the Barker decision stated that an absolute failure of the defendant to assert his right would make it difficult to prove the denial of a speedy trial. The prosecution is given the responsibility of showing a knowing and voluntary waiver of the right. Barker, supra, 407 U.S. at 529, 92 S.Ct. at 2191,33 L.Ed.2d at 116.
The prosecution adduced testimony from appellant as follows:
 "Q. Mr. Harper, were you aware that Birmingham had a warrant outstanding for you back in '76?
"A. I was aware of it in '75."
The appellant's testimony concluded as follows:
 "Q. Did you or your attorney make a motion for a speedy trial at that time?
"A. In New York?
"Q. Uh, huh.
"A. No, we didn't."
Appellant's failure to assert his right after knowledge of the charges pending against him must weigh heavily against him. It also gives credence to the assertion of the State that his absence from Alabama from the date of this knowledge until his extradition should be excluded from the period of delay as attributable to his own actions, albeit combined with inaction of the State. Bailey, supra.
 D
The point at which the defendant asserts his right is important because it *Page 840 
may reflect the seriousness of the personal prejudice he is experiencing. United States v. Palmer, 537 F.2d 1287 (5th Cir. 1976).
There is little evidence of prejudice to the appellant due to the delay. The appellant was not prejudiced by a lengthy pretrial incarceration. Hoskins v. Wainwright, 485 F.2d 1186
(5th Cir. 1973). The delay did not interfere with the defendant's liberty, disrupt his employment, drain his financial resources, or curtail his associations. Moore v.Arizona, 414 U.S. 25, 38 L.Ed.2d 183, 94 S.Ct. 188 (1973).
There is little evidence of prejudice to the appellant's defense other than his lack of an alibi for the time of the crime.
After due scrutiny under the Barker balancing process, we herein determine that whatever negligence the State displayed in its paper work mix-up is outweighed by the lack of an assertion of the right to a speedy trial by the appellant and the paucity of evidence that the delay was prejudicial in fact to appellant's rights.
 II
During the qualification of the jury, the court asked the district attorney, "Where is this that this occurred?" The defense counsel claims the statement was a comment on the evidence that relieved the State from the necessity of proving the crime, in fact, occurred.
The words of the trial court did not prove the crime occurred and did not relieve the State of proving its occurrence. The State did, in fact, adduce sufficient proof of the crime's occurrence.
Of course, the court must not express its opinion so as to prejudice a defendant or influence a jury in their independent job of deciding questions of fact. Remarks by the trial judge are error if they affect the results of a trial. McCovery v.State, 365 So.2d 358 (Ala.Cr.App. 1978). The comment cannot be said to have affected the result of this trial. It was a casual comment addressed to the district attorney for purposes of qualifying the jurors as to any possible relationship with the victim of the robbery. Copeland v. State, 377 So.2d 1
(Ala.Cr.App. 1979).
The trial court, on two occasions in the trial, properly instructed the jury as follows:
 "At no time should anyone think or conclude that the Court feels one way or the other about the guilt or innocence of the defendant. That is strictly your responsibility."
The comment was not intended to influence and did not influence the verdict in this case. Lang v. State, 279 Ala. 169, 182 So.2d 899 (1966). We find no error in the court's actions that would require a reversal of this verdict.
 III
It was properly within the discretion of the trial court to reopen the case for the further reception of evidence after the State had rested and before the jury had been charged or begun deliberations. Harris v. State, 283 Ala. 148, 214 So.2d 843
(1968).
Section 15-14-4, Code 1975, allows the court to permit a party to supply an omission in the testimony on such terms and under such limitations as the court may prescribe, when it appears to be necessary to the due administration of justice.
A witness had testified as follows:
"Q. Who did you give the money to?
"A. Douglas Harper.
"Q. Approximately how much money did you give him?
 "A. To the best of my memory I think it might have been about seven or eight cash.
"THE COURT: Seven or eight what?
"THE WITNESS: Hundred."
The court properly allowed the State to reopen its case for the limited purpose of establishing that appellant took seven or eight hundred dollars in cash in "the lawful currency of the United States of America" from the witness. This added testimony followed the wording of the indictment. *Page 841 
There was no abuse of discretion by the trial court.
Finding no infringement of constitutional rights and no reversible errors in this proceeding, we hereby affirm.
AFFIRMED.
All the Judges concur.