Annie Ruth Bragg was convicted for assault in the first degree, sentenced to five years' imprisonment, and then placed on probation. Restitution was ordered in the amount of the victim's medical bills, $8,177.13. Four issues are raised on appeal.
 I
The defendant's "motion for judgment of acquittal, or in the alternative, for new trial" was denied on an improper ground. The motion was denied on the specific grounds that it was filed more than *Page 849 
30 days after the date of sentencing and was "untimely."
The defendant was sentenced on March 26, 1987. She filed her motion on April 28, 1987, 33 days after sentencing. Under Rules 12.3(b) and 13(a)(2), Alabama Rules of Criminal Procedure (Temporary), the defendant had 30 days after the pronouncement of sentence to file this motion. Here, the thirtieth day was April 25th — a Saturday. April 27th, Monday, was Confederate Memorial Day, a legal holiday.
There is no rule for the computation of time in our Rules of Criminal Procedure. Rule 26(a), Alabama Rules of Appellate Procedure, provides in relevant part:
 "In computing any period of time prescribed by these rules, by an order of court, or by any applicable statute, the day of the act, event or default from which the designated period of time begins to run shall not be included. The last day of the period shall be included, unless it is a Saturday, Sunday or a legal holiday, in which event the period extends until the end of the next day which is not a Saturday, Sunday or legal holiday."
Rule 6(a), Alabama Rules of Civil Procedure, contains a substantially identical provision. There is no similar provision contained in the Rules of Criminal Procedure.
Since the computation of time is not covered in the Alabama Rules of Criminal Procedure (Temporary), that subject is governed by the general provisions of the Code of Alabama 1975. Section 1-1-4 provides:
 "Time within which any act is provided by law to be done must be computed by excluding the first day and including the last. However, if the last day is Sunday, or a legal holiday as defined in section 1-3-8, or a day on which the office in which the act must be done shall close as permitted by any law of this state, the last day also must be excluded, and the next succeeding secular or working day shall be counted as the last day within which the act may be done."
Section 1-3-8 provides that Confederate Memorial Day is a legal holiday and that it shall be observed on the fourth Monday of April.
Therefore, the defendant's motion for judgment of acquittal/new trial was timely, being filed on the last day of the thirty-day period. Although the overruling of this motion on the basis that it was untimely constitutes error, that error is not reversible because the motion was due to be overruled on another ground. "[I]f the court's ruling was correct for any reason, it will not be reversed because the court assigned the wrong reason therefor." Harnage v. State, 290 Ala. 142, 144,274 So.2d 352 (1972), mandate conformed to Harnage v. State,49 Ala. App. 751, 274 So.2d 356 (Ala.Crim.App. 1973), cert. denied, Harnage v. State, 290 Ala. 367, 274 So.2d 356 (Ala. 1973).
The motion for judgment of acquittal/new trial was due to be overruled because it was without merit. The motion was general and stated three grounds: The verdict (1) "is contrary to the law," (2) "is contrary to the weight of the evidence," and (3) "was not in proper form."
Grounds (1) and (2) of the motion are without merit because the evidence, although conflicting, supports the jury's verdict of guilty. "Where evidence supports a verdict of guilty the Court of Criminal Appeals will not disturb a ruling of the trial court in denying a motion for new trial." Kellam v.State, 47 Ala. App. 660, 661, 259 So.2d 869 (1972). "The court's ruling on granting or denying a new trial is not to be disturbed save for gross abuse." Nickerson v. State, 283 Ala. 387,390, 217 So.2d 536 (1969).
The State presented evidence that the defendant intentionally stabbed the victim. The defendant presented evidence that the stabbing was unintentionally committed as she attempted to defend herself from the victim. A verdict on conflicting evidence is conclusive on appeal. Roberson v. State, 162 Ala. 30,50 So. 345, 346 (1909). "Even though an appellate court should 'marvel that a jury would convict upon such flimsy proof,' it is 'not permitted to pass upon the weight or sufficiency of the evidence, where it may yield any rational inference *Page 850 
of guilt.' " Granger v. State, 473 So.2d 1137, 1139
(Ala.Cr.App. 1985); Mack v. State, 348 So.2d 524, 528
(Ala.Cr.App. 1977).
Ground (3) of the motion is also without merit. The jury found the defendant "guilty of assault in the first degree as charged in the indictment." Their verdict contained a footnote: "We, the jury, feel that the defendant was provoked and ask to take this into consideration." At trial, defense counsel did not object to this verdict, but only requested that the "verdict be made a part of the record." Although there was a hearing on the defendant's motion for new trial, defense counsel did not argue ground (3) of the motion, even though he did argue grounds (1) and (2). "Generally, if the jury, without statutory authority, makes a recommendation for clemency or leniency, it does not invalidate the verdict and it may be disregarded by the trial judge in imposing sentence."Kimbrough v. State, 429 So.2d 1143, 1146 (Ala.Cr.App. 1983);McLeod v. State, 383 So.2d 207, 208 (Ala.Cr.App. 1980).
 II
At trial, the parties stipulated that if the treating physician were called as a witness he would testify that "the knife blade touched or punctured the liver of [the victim] and that she suffered serious physical injuries." The victim testified that her physician told her that "it punctured through my stomach and my liver" and cut her gall bladder "tube." The defendant now argues that the State failed to prove that the victim did not aggravate her injury by failing to seek immediate medical attention.
The defendant is bound by her stipulation at trial. There has been no evidence that the victim's activities or failure to seek immediate medical attention exacerbated her injuries caused by the defendant. The State proved that the victim suffered serious physical injury. Any intervening action not caused by the defendant and contributing to the seriousness or extent of the victim's injuries was a matter defensive in nature and incumbent upon the defense to prove. SeeFlanagan v. State, 369 So.2d 46, 49 (Ala.Cr.App. 1979).
 III
The victim was properly allowed to testify that the defendant had accused her of being responsible for one of the defendant's sons having been convicted for child molestation. This evidence was admissible to show the defendant's motive for assaulting the victim. Bryant v. State, 49 Ala. App. 359, 371,272 So.2d 286 (1972), cert. denied, 289 Ala. 740, 272 So.2d 297, cert. denied, 412 U.S. 922, 93 S.Ct. 2744, 37 L.Ed.2d 149 (1973);McMillan v. State, 18 Ala. App. 118, 90 So. 56 (1921). "Though proof of motive for the crime is not indispensable to a conviction, . . . it is permissible testimony in aid of the State's case." Ray v. State, 253 Ala. 329, 330, 45 So.2d 4
(1950). "Testimony going to show motive, though motive is not an element of the burden of proof resting on the State, is always admissible." McDonald v. State, 241 Ala. 172, 174,1 So.2d 658 (1941). See also C. Gamble, McElroy's AlabamaEvidence § 45.01 (3rd ed. 1977).
Moreover, on cross-examination, the defendant admitted, without objection, that her son had been convicted for child molestation or sexual abuse. "A defendant cannot complain of the admission of improper evidence when he himself has testified to the same facts." Lewis v. State ex rel. Evans.387 So.2d 795, 807 (Ala. 1980).
 IV
Defense counsel announced that he was "satisfied" with the oral jury charge of the trial court. This precludes his assertion of error on appeal in the court's oral instructions to the jury. Ex parte State, 497 So.2d 201 (Ala. 1986); Walkerv. State, 428 So.2d 131), 141 (Ala.Cr.App. 1982).
The judgment of the circuit court is affirmed.
AFFIRMED.
All Judges concur. *Page 851