PATTERSON, Judge.
James Eddins appeals from the denial of his petition for post-conviction relief filed pursuant to A.R.Crim.P.Temp. 20. In his petition, Eddins attacks the validity of his December 9, 1986, conviction for theft of property in the first degree, his sentence of 15 years’ imprisonment, and his $10,000 fine. He appealed that conviction, and we affirmed. Eddins v. State, 501 So.2d 574 (Ala.Cr.App.1986). The trial court denied the petition solely on the ground that the petition was barred by the statute of limitations of two years -imposed by Rule 20.2(c). Rule 20.2(c) provides as follows:
“Subject to the further provisions hereinafter set out in this section, the court shall not entertain any petition for relief from a conviction or sentence on the grounds specified in Rule 20.1(a) and (f), unless the petition is filed: (1) In the case of a conviction appealed to the Court of Criminal Appeals, within two (2) years after the issuance of the certificate of judgment by the Court of Criminal Appeals under Rule 41, Alabama Rules of Appellate Procedure; or (2) In the case of a conviction not appealed to the Court of Criminal Appeals, within two (2) years after the time for filing an appeal lapses. The court shall not entertain a petition based on the grounds specified in Rule 20.1(e) unless the petition is filed within the two-year period specified in the first sentence of this section, or within six (6) months after the discovery of newly discovered material facts, whichever is later. Provided, however, that the two-year period during which a petition may be brought shall in no case be deemed to have begun to run before the effective date of this Temporary Rule 20 (April 1, 1987).”
Eddins, relying on A.R.App.P. 25(a), contends that his petition was timely filed. Rule 25(a) provides:
“Papers required or permitted to be filed in an appellate court shall be filed with the clerk. Filing may be accomplished by mail addressed to the clerk, but filing shall not be timely unless the papers are received by the clerk within the time fixed for filing, except that papers shall be deemed filed on the day of mailing if certified, registered, or express mail of the United States Postal Service is utilized. (Amended effective April 15, 1986).”
Eddins mailed his petition on March 31, 1989, by certified mail, which is shown by the stamped postal receipt. The postal document shows that the petition was deliv *324 ered to the clerk of the court by the postal authorities and filed on April 3, 1989. In the instant case, the two-year period during which the petition could be filed began to run on the effective date of the statute, April 1, 1987.
Eddins’s reliance on Rule 25(a) is misplaced. That rule applies only to filings in appellate courts. In determining whether his petition was filed within the appropriate time, we must look to the general provisions of the Code of Alabama 1975 and the rules pertaining to the filing of petitions or complaints in the lower courts. Bragg v. State, 518 So.2d 847 (Ala.Cr.App.1987). Rule 20.2(c) sets a two-year time limit within which a petition must be filed. It applies to acts required to be done within a certain time. Section 1-1-4, Code of Alabama 1975, governs the computation of time within which any act is to be done. It states, in pertinent part, as follows:
“Time within which any act is provided by law to be done must be computed by excluding the first day and including the last. However, if the last day is Sunday, or a legal holiday as defined in section 1-3-8, or a day on which the office in which the act must be done shall close as permitted by any law of this state, the last day also must be excluded, and the next succeeding secular or working day shall be counted as the last day within which the act may be done. ...”
A.R.Civ.P. 6(a) provides, in pertinent part:
“In computing any period of time prescribed or allowed by these rules, by the local rules of any circuit court, by order of court, or by any applicable statute, the day of the act, event, or default from which the designated period of time begins to run shall not be included. The last day of the period so computed shall be included, unless it is a Saturday, a Sunday, or a legal holiday, in which event the period runs until the end of the next day which is not a Saturday, a Sunday, or a legal holiday. ...”
In the instant case, the two-year period within which a petition could be filed commenced to run on April 1, 1987. In applying the statute and rule set out above, we exclude the first day and include the last day of the period. By doing so, the last day on which the petition could have been filed was April 1, 1989, unless it fell on a Saturday, Sunday, or legal holiday. See A.R.Civ.P. 6(a); § 1-1-4. We take judicial notice that April 1, 1989, was a Saturday; hence, Eddins had until the end of the following Monday, April 3, 1989, to file the petition. Therefore, it was timely. The judgment of the trial court denying the petition is due to be, and it is hereby, reversed, and the case is remanded for further proceedings.
REVERSED AND REMANDED.
All Judges concur.