BOWEN, Presiding Judge.
Paul David Foster, the appellant, was convicted of first degree rape, first degree sodomy, and second degree kidnapping. He was sentenced to 15 years’ imprisonment, 15 years’ imprisonment, and 5 years’ imprisonment, respectively, with the sentences to run concurrently. He raises two issues on this direct appeal from those convictions.
I
The appellant contends his original sentence as a first time offender was improperly set aside so that the trial court could sentence him as a habitual felony offender.
On November 9, 1993, a jury found the appellant guilty and the trial court adjudicated the appellant guilty in accordance with the verdict of the jury. R. 206. After that adjudication, the trial court stated: “The State is advised that if the State intends to insist upon any enhancements under the Habitual [Felony] Offender Act, that it must promptly notify the defendant and his counsel, furnishing them with what the State intends to rely on.” R. 207. There was no further mention of the Habitual Felony Offender Act until after the trial court had imposed sentence upon the appellant.
Sentencing was held on December 17, 1993. The record reflects the following:
“COURT: ... Before I pronounce sentence upon you, ... do you have anything to say before the court pronounces sentence?
“PAUL FOSTER: No, sir.
“[The prosecutor and the judge discuss the sentence received by a codefendant.]
“COURT: Do you have anything further to say before the court pronounces sentence upon you?
“PAUL FOSTER: No, sir.
“COURT: You were found guilty of kidnapping in the second degree and it is the judgment and sentence of the court that you are guilty of kidnapping in the second degree pursuant to that guilty verdict, and the judgment and sentence of the court is that you be and are ordered to be imprisoned in the penitentiary of the State of Alabama for a period of five years.
“As to the charge of rape in the first degree, pursuant to the verdict of the jury, the court finds you are guilty of rape in the first degree, and it is the judgment and sentence of the court that you be and are hereby sentenced to the penitentiary of the State of Alabama for a period often years.
“As to the charge of sodomy in the first degree, pursuant to the verdict of the jury, the court finds you are guilty of sodomy in the first degree, and it is the judgment and sentence of the court that you be and are hereby ordered to be imprisoned in the penitentiary of the State of Alabama for a total of 12 years. I will order that all of those sentences will run concurrently].
“In addition, you will be ordered to pay, and court-ordered monies will be a condition of any early release, supervised intensive conditions o[r] any other programs, you will be ordered to pay all court costs, one thousand dollars to the Victims’ Compensation Fund, reimburse the State of Alabama for the costs and expense of your court-appointed attorney.
“Now, have you seen the probation report?
*1104 “JOHN GUNN [defense counsel]: I have, your Honor.
“COURT: Do you have anything to say in regard to that report?
“JOHN GUNN: No, judge.
“COURT: Anybody have anything they wish to offer?
“BYRON HOLLIS [assistant district attorney]: Yes, your Honor, in regard to the sentence, Mr. .Foster has a prior conviction, so the Habitual Offender Act would apply. Which, with regard to the Class A felonies, would make it a minimum 15-year sentence.
“COURT: Wait just a minute, you haven’t offered anything of that nature.
“JOHN GUNN: I would object, the sentence has been imposed.
“COURT: I withdraw it. Have you furnished them with copies of that?
“BYRON HOLLIS: Yes sir, we have.
“COURT: Then why didn’t you speak up? Why did you wait until I finished?
“BYRON HOLLIS: I was waiting for an opportunity to break in. I didn’t want to interrupt the court.
COURT: Have you been furnished copies of these things?
“JOHN GUNN: Yes sir, I have.
“COURT: All right, then I’m going to give you an opportunity to offer them.
“BYRON HOLLIS: Yes, sir. State would offer as a matter of proof a certified copy of a transcript in case number CC-90-07 through the Circuit Court of Randolph County, a conviction for burglary in the third degree against the defendant, Paul David Foster. He was given a sentence of three years, on 10-1-90.
“COURT: Have you seen copies of this?
“JOHN GUNN: I have, judge.
“COURT: Do you have anything to offer in connection with this?
“JOHN GUNN: No opposition to that judge, we are aware that it is a correct copy and that it did occur.
“COURT: All right, it will be admitted. Do you have anything else to offer?
“BYRON HOLLIS: No sir, that is all we have to offer.
“COURT: All right. The kidnapping in the second degree, which is a Class C, only is enhanced to B, so the sentence of five years uñll remain the same.
“In regard to rape in the first degree, because of the Habitual Offender Act, [it is the] judgment and sentence of the court that you be and hereby are sentenced to be imprisoned in the penitentiary of the State of Alabama for a period of fifteen years.
“In sodomy one, which is a Class A, and in view of the prior conviction, it is the judgment and sentence of the court that you be and are hereby ordered to be imprisoned in the penitentiary of the State of Alabama for a period of fifteen years. The Court will order those sentences to run concurrently.
The other part of the sentencing regarding the thousand dollar Victims Compensation Fund [assessment] will remain the same and the court costs and the reimbursement to the State of Alabama for the costs and expense of your court-appointed attorney.
“JOHN GUNN: I’m retained, Judge.
“COURT: All right, that part will come off, but the rest will remain the same. Your application for probation is denied.” R. 208-12 (emphasis added).
In Ex parte Williams, 510 So.2d 135 (Ala.1987), the Alabama Supreme Court stated the legal principles governing the application of the Habitual Felony Offender Act:
“As contended by Williams, the Habitual Felony Offender Act is not ‘self-executing.’ Rule 6 of the Temporary Rules of Criminal Procedure, supra, [now Rule 26.6(b)(3), A.R.Crim.P.] contemplates that the applicability of the Habitual Felony Offender Act will be called to the attention of the trial court prior to sentencing. See Aplin v. State, 421 So.2d 1299, at 1302 (Ala.Cr.App.1981), where the Court of Criminal Appeals stated that the prosecution should have informed the trial court of the applicability of the Habitual Felony Offender Act and given notice to the defendant of the State’s intention to request sentencing under the Act before the defendant was *1105 sentenced. This was not done in the present case.
“We hold that in order to sentence a criminal defendant under the Habitual Felony Offender Act, the Act must be invoked prior to the defendant’s original sentencing, as mandated by Rule 6 of the Temporary Rules of Criminal Procedure [now Rule 26.6(b)(3), A.R.Crim.P.]. Furthermore, a sentence may not be subsequently set aside because of a failure to apply the Habitual Felony Offender Act.”
Williams, 510 So.2d at 136 (emphasis in original). In Williams, the State gave notice of its intent to invoke the Habitual Felony Offender Act (“HFOA”) and the defendant was resentenced approximately 11 weeks after the original sentencing and after the appellant had begun serving that sentence. We find that case factually distinguishable from the presented case.
In this case, it clearly appears that the State had given the appellant notice of its intent to invoke the HFOA prior to sentencing. It also clearly appears that the trial court set aside the sentence it had imposed upon the appellant so that the HFOA could be imposed.
However, within the context of this ease, it also appears that the trial court had not finished sentencing the appellant when the prosecutor called the trial judge’s attention to the applicability of the HFOA. For one thing, the trial court had not advised the appellant of his right to appeal as required by Rule 26.9(b)(4), A.R.Crim.P.
We view this matter as analogous to the trial court’s authority to allow a party to reopen a ease to allow further proof. “The decision of whether to reopen a case for additional evidence lies within the sound discretion of the trial court and will not be disturbed absent an abuse of that discretion.” Green Tree Acceptance, Inc. v. Standridge, 565 So.2d 38, 46 (Ala.1990).
“ ‘It was properly within the discretion of the trial court to reopen the case for the further reception of evidence after the State had rested and before the jury had been charged or begun deliberations. Harris v. State, 283 Ala. 148, 214 So.2d 843 (1968).’ Harper v. State, 420 So.2d 835, 840 (Ala.Cr.App.1982). See also Jackson v. State, 167 Ala. 44, 52 So. 835 (1910). We hold that the trial court did not err by exercising its discretion to allow the State to reopen its case [to allow the state to introduce evidence of the defendant’s flight]. Bristow v. State, 418 So.2d 927 (Ala.Cr.App.1982), and cases cited therein.”
Johnson v. State, 502 So.2d 877, 881-82 (Ala.Cr.App.1987).
II
Although the appellant alleges error in the oral charge of the trial court, defense counsel announced “satisfied” and failed to make any objection. R. 201, 204. Objections to a trial court’s instructions to the jury cannot be raised for the first time on appeal. See Rule 21.2, A.R.Crim.P.
The judgment of the circuit court is affirmed.
AFFIRMED.
All Judges concur.